Argued May 19, reversed and remanded July 5, 1978

In the Matter of the Estate of Ross R. Murphy,
Deceased.
RAYMOND et al, *Appellant,*
*v.*
LILLEGARD, *Respondent.*
(No. P-6116, CA 9162)
580 P2d 1078

Philip Hayter, Dallas, argued the cause for appelants. With him on the brief was Gary Foster, Certified Law Student.

Chris L. Lillegard, Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

This was a probate proceeding for a decree construing and interpreting decedent's holographic will. The plaintiffs, daughters of the decedent, were joint personal representatives of the estate. The defendant is the guardian *ad litem* of the five minor children of the personal representatives, who are potential devisees under the will.

At issue is the question of whether the use of the word "between" in the deceased's will was intended to create an equal distribution of the proceeds of the estate among the seven named beneficiaries, or whether its use created a patent ambiguity permitting oral testimony as to the testator's intent. The trial court found no ambiguity and construed the will to direct the distribution of the bulk of the estate to the two personal representatives and their five children in seven equal shares. The personal representatives appeal. We reverse.

The testator, Ross R. Murphy, died on May 6, 1977, leaving real and personal property in Polk County, Oregon. Testator's properly executed holographic will was admitted to probate on June 2, 1977.

Under the will, one daughter and her family receive only a $100 devise. That bequest is not contested here. With the exception of a shotgun going to a grandson, the testator leaves everything else "to be equally divided between our two daughters Marjorie R. Raymond and Patricia L. Lee and their children * * *."

At the time of executing his will the testator explained his testamentary scheme to his witnesses, neighbors Donald L. and Burla J. King. They testified at the trial court hearing concerning its meaning and intent. The testimony shows that the testator's will was designed to divide the residue between his two favored daughters, Marjorie and Patricia. Petitioners contend that reference to Marjorie and Patricia's

children, who are all minors, was meant to provide for the contingency of a daughter's predeceasing the testator. The respondent guardian *ad litem* does not dispute that the testimony shows this, but he asserts that there is no ambiguity in the will which permits consideration of it.

There are at least four possible interpretations of the testator's intent based upon the language he chose to use in the holographic will:

(1) Testator, unaware of the anti-lapse statute, ORS 112.395,[1] intended that the residue of his estate be divided equally "between our two daughters," with the children of each to take their mother's share should she predecease the testator.

(2) Testator meant to divide the residue "between" two classes, one consisting of the daughters and the other consisting of the children. This would mean each of the daughters would receive 25 percent of the residue; each of the children, 10 percent.

(3) Testator meant to divide the residue "between" *three* classes, i.e., daughter Marjorie, daughter Patricia, and the children as a group. This would mean each daughter took one-third and each child one-fifteenth.

(4) Testator wanted the residue shared equally between all seven devisees, with each daughter and child taking a one-seventh share. The trial court chose this last construction.

■ As the summary suggests, we find the specific use of the word "between" in the particular sentence under scrutiny here to be ambiguous. It follows that the trial court erred in construing the will without resort to extrinsic evidence, unless it appears that the ambiguity is resolved by the four corners of the will itself. *In re*

---

[1] "When property is devised to any person who is related by blood or adoption to the testator and who dies before the testator leaving lineal descendants, the descendants take by representation the property the devisee would have taken if he had survived the testator, unless otherwise provided in the will of the testator. Unless otherwise provided in the will of the testator, one who would have been a devisee under a class gift if he had survived the testator is treated as a devisee for purposes of this section if his death occurred after execution of the will."

*Jenkins' Estate,* 224 Or 144, 355 P2d 729 (1960). It is not so resolved. We do note that, in one of his few other devises, testator bequeathed $100 to his third daughter and her heirs "to be divided equally among them." The failure to use this phrase, which we think dictates a distribution scheme like that contemplated in alternative (4), *supra,* mitigates against the trial court's construction of the separate usage, "between."

It was appropriate for the trial court to resort to extrinsic evidence. ORS 41.740.[2]

■ Because the extrinsic evidence, once resorted to, establishes that the testator intended the result suggested in alternative (1), *supra,* it follows that the case must be reversed and remanded with instructions to enter a decree declaring the appellants to be entitled to receive the residue of the estate, after other bequests have been fulfilled, in equal shares.

Reversed and remanded.

**JOHNSON, J.,** specially concurring.

I agree with the majority's conclusion that the testator's use of the word "between" in the context of the specific devise is ambiguous, but disagree with its conclusion that this ambiguity cannot be resolved by resort to examining the four corners of the will. While it is true that in popular usage no distinction is generally made between the words "between" and "among," *see* 4 Page on Wills, 581, § 36.20 (Bowe-Parker Revised 1961), it is apparent from the four

_____
[2] "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

corners of this will that the testator did intend to make that distinction and intended the word "between" here to signify its preferred definition involving two persons or things. The devise in question provides: "to be *equally* divided *between* our *two* daughters Marjorie R. Raymond and Patricia L. Lee and their children * * *." (Emphasis supplied.) A bequest in the same will provides:

> "* * * I leave everything to her [my wife], with one request that she does not leave our Daughter Betty M. Campbell and her heirs anything other than $100 dollars to be divided *equally among them. * * *"* (Emphasis supplied.)

The fact that the testator used the word "among" in a bequest in the same will is significant and indicates independently of any extrinsic evidence his understanding of the distinction between the two words and his similar intent to distinguish between the manner in which he was devising or bequeathing to the two groups. I would reverse and remanded on that ground alone.