MORRELL, *Respondent,*
*v.*
COUNTY OF LANE, *Appellant.*
(No. 77-4418, CA 9351)
582 P2d 847

Lawrence S. Shaw, County Counsel, Lane County Office of Legal Counsel, Eugene, argued the cause for appellant. On the briefs was Arthur J. Clark, Assistant County Counsel, Eugene.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, Eugene.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from a denial of defendant's motions to set aside a default order and decree. We reverse.

Plaintiff in this declaratory judgment proceeding sought a declaration that his operation of a rock quarry on his property was lawful and asked for a decree enjoining defendant from seeking an injunction to prohibit plaintiff's operation of the quarry.[1] The complaint was filed on August 11, 1977. On the same day, plaintiff obtained an order requiring defendant to show cause why a preliminary injunction should not be issued against it. Also on August 11, the county clerk was served with copies of the complaint, motion for order to show cause with supporting affidavit, order to show cause, summons, and citation requiring defendant to appear in the show cause proceeding on August 29, 1977.

On August 24, 1977, after defendant failed to answer the complaint within the ten-day period prescribed by the summons pursuant to former ORS 15.040(3), plaintiff obtained an ex parte order of default. Defendant's counsel learned of the default order on August 25 and, on August 26, moved for an order setting it aside. The supporting affidavit alleged that he was unfamiliar with the local pleading practice in show cause proceedings, that he had believed that no appearance was necessary until the show cause hearing on August 29, 1977,[2] and that after the

---

[1] The complaint alleged, inter alia, that there was an actual controversy between the parties regarding the lawfulness of the quarry operation, that defendant threatened to obtain an injunction against plaintiff's operation of the quarry if it continued without a conditional use permit, that plaintiff intended to enter into a contract for sale of 150 tons of gravel, and that plaintiff would suffer irreparable injury if defendant were not enjoined from taking action against the quarry operation.

[2] The affidavit also stated that defendant's counsel received no notice from plaintiff's counsel that the latter intended to move for a default order, and that, to the knowledge of defendant's counsel, plaintiff's counsel made

ten-day period but before the entry of default he consulted a more experienced local attorney who confirmed his understanding. Affidavits from several other local attorneys stated that his understanding was consistent with actual local practice. Defendant tendered a verified answer and counterclaim with the motion and affidavit.

The trial court denied defendant's motion to set aside the default order and entered a decree in accordance with the prayer of the complaint. The trial court granted defendant's motion to reconsider, but ratified its prior denial of the motion to set aside the decree. No findings were stated, but the affidavits in support of defendant's motion are credible and uncontradicted and we take their allegations of fact as true.

■■ The decision to grant or deny relief from default is governed by ORS 18.160, which provides:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The statute is to be construed liberally to the end that the rights of litigants shall be determined on the merits of the controversy. *Wagar v. Prudential Ins. Co.,* 276 Or 827, 832-33, 556 P2d 658 (1976); *Coleman v. Meyer,* 261 Or 129, 134, 493 P2d 48 (1972); *Snyder v. Consolidated Highway Co.,* 157 Or 479, 484-85, 72 P2d 932 (1937). As a general rule, courts are more willing to grant relief to a defaulted defendant than to a defaulted plaintiff. *King v. Mitchell,* 188 Or 434, 441, 214 P2d 993, 261 P2d 269, 16 ALR2d 1128 (1950); *Snyder v. Consolidated Highway Co.,* 157 Or at 484.

---

no inquiry as to defendant's intention to proceed. The parties disagree as to whether plaintiff's counsel had reason to know that defendant-Lane County was represented by the Office of Legal Counsel for Lane County in this proceeding and the trial court made no findings. Because resolution of this question is not necessary to our decision, we express no opinion about the propriety of plaintiff's counsel's conduct in these circumstances.

■ Defendant's nonappearance was the result of its attorney's misunderstanding regarding the particular procedures involved in this proceeding. That misunderstanding was the result of mistake or inadvertence and, if from negligence, it was excusable negligence within the meaning of ORS 18.160. *Hiatt v. Congoleum Industries,* 279 Or 569, 579, 569 P2d 567 (1977); *cf., Ainsworth v. Dunham,* 235 Or 225, 229, 384 P2d 214 (1963). Under these circumstances, we hold as a matter of law that the error of defendant's counsel in this case resulted from mistake, inadvertence or excusable neglect.[3] ORS 18.160.

■ Because the default arose from the reasons listed in ORS 18.160, the court had statutory discretion to grant or deny relief. The statute, however, does not give absolute discretion. Rather, it grants discretion to accomplish the objective of orderly determination of the merits. These considerations have been identified to guide discretion toward the accomplishment of that objective: the defaulted party's diligence in moving to set aside the default, the tender of a meritorious defense, and the degree of prejudice to the other party if the default is set aside. *Bella v. Aurora Air, Inc.,* 279 Or 13, 17-18, 566 P2d 489 (1977); *Snyder v. Consolidated Highway Co.,* 157 Or at 484.

■ Applying those considerations to this case, defendant's counsel moved to set aside the default order four days after the time for answer had expired, two days after it was entered and one day after he learned of it. Along with the motion, defendant tendered an ostensibly meritorious answer which denied allegations of the complaint that were essential to plaintiff's claim and set forth a counterclaim alleging the illegality of plaintiff's quarry operation and praying for a permanent injunction against it. Defendant's counsel was prepared to proceed with the show cause hearing at the scheduled time, so his tardiness did not cause plaintiff

---

[3]We do not reach defendant's contention that the default was taken against it by surprise within the meaning of ORS 18.160. *See* note 2.

any material delay or inconvenience. We perceive no unfairness to plaintiff from granting defendant relief from the default, and plaintiff has not pointed to any prejudice from delay other than having to litigate the matter on the merits. In short, all the factors found in the case law weigh in defendant's favor.

The trial court gave no reasons for its decision, and we can perceive none. The denial of the motions to set aside the default order and decree was beyond the bounds of the trial court's discretion.

Reversed and remanded.