On petition for review submitted December 30, 1983, petition allowed, case remanded February 28, 1984

STEVENSON et al,
*Petitioners on Review,*

*v.*

UNITED STATES NATIONAL
BANK OF OREGON,
*Defendant,*

*and*

STEVENSON,
*Respondent on Review.*

(TC 82-08-18,273, CA A29437, SC S30259)

677 P2d 696

Milo Pope, Mt. Vernon, submitted the petition for Petitioner on Review.

J. Burdette Pratt, Nyssa, submitted the Response to the Petition for Review for Respondent on Review, Alberta Mae Stevenson.

Roberts, J., did not participate in this decision.

## MEMORANDUM OPINION

Petitioners seek review of the dismissal of their appeal by the Court of Appeals for lack of jurisdiction. Plaintiffs and defendants moved for summary judgment in the trial court. At first the court decided that plaintiffs should prevail. After examining further evidence presented by the defendants, the trial court changed its opinion and requested defendants to prepare an order and judgment. Plaintiffs' attorney asked for additional time to present further arguments. The trial court judge assured plaintiffs' counsel that he would not sign a judgment before he received this additional argument and reflected further on the case. However, by mistake he signed the order and judgment, and the judgment was entered without notification to counsel as required by ORCP 70B.(1).

Upon discovery of the mistake, the trial court granted plaintiffs' motion to set aside the original judgment. The trial court said in this order that "the entry of the judgment in this case was a clerical error on the part of the Court." He relied on ORCP 71A,[1] and the inherent power of the court, ORCP 71C.[2] The trial court later, after further consideration, entered another judgment which was substantially the same as the original. Plaintiffs appealed within 30 days of this later judgment.

The Court of Appeals granted defendants' motion to dismiss the appeal citing *Junction City Water Control v. Elliot,* 65 Or App 548, 672 P2d 59 (1983), which relies on *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979). In *Far West,* defense counsel asked the judge after trial if he had signed the judgment for plaintiff. In error,

---

[1] ORCP 71A.:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. * * *"

[2] ORCP 71C.:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

the trial judge told her that he had not yet done so. Counsel requested that he refrain from signing it until after a certain date because she was going to be out of town, and her clients might want to appeal. When she discovered the judgment had indeed been entered, she filed a motion to set it aside pursuant to former ORS 18.160. The trial court granted the motion and entered a new order, identical to the first, allowing defendant time to appeal. We affirmed the dismissal of the appeal by the Court of Appeals, holding that the trial court is without power "to set aside one judgment and enter another *for the sole purpose* of extending the time for appeal." 287 Or at 659. (Emphasis in original.)

■■      While this is a proper statement of the law, it is inapplicable in the present case. In *Far West,* the trial court had reached a final decision on all issues and the judgment had been entered before any mistake occurred. In the present case, the judgment was entered before the trial court determined the motion to reconsider and while the matter was still under advisement. This is not a case in which the trial court came to a final decision and later set aside a judgment merely to accommodate a party who missed the time for appeal.[3] There is nothing in the order or any part of the record available to us to indicate that the *sole purpose* for setting aside the judgment was to extend the time for appeal, even though this was a result. We hold that the trial court's grant of the motion to set aside the judgment and issue another was authorized by ORCP 71A. and 71C. and was not an abuse of discretion.[4]

We are not called upon to decide whether the enactment of ORCP 70B. would change the result in *Far West.*[5]

---

[3] Surely, if the trial court on further consideration had reached an opposite result and found against the defendants, no one would seriously argue that the defendants' time for appeal commenced to run on the entry of the first judgment.

[4] We further note that ORCP 71B.(1), which does not require that the mistake be made by a party as did former ORS 18.160, might also provide authority to set aside a judgment in these circumstances:

"B.(1) On motion and upon such terms are are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * *."

[5] ORCP 70B.(1) and B.(2):

"B.(1) All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date judgment is entered, mail a notice of the date of entry of the judgment to the attorneys of record, if any, of each party who is not in default for

That question as well as the question of the correctness of *Junction City Water Control, supra,* is not before us.

The Court of Appeals incorrectly dismissed this appeal. We allow the petition for review and remand the case to the Court of Appeals for further consideration.

---

failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk also shall make a note in the judgment docket of the mailing. In the entry of all judgments, except a judgment by default under Rule 69B.(1), the clerk shall be subject to the direction of the court. Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68."

"B.(2) Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule."