Argued and submitted October 4, 1983, reversed and remanded with instructions
April 11, 1984

## PALMATEER et al,
*Respondents,*

*v.*

## HOMESTEAD DEVELOPMENT CORPORATION,
*Defendant,*
## LARSON et al,
*Appellants.*

(16-82-00901; CA A27398)

680 P2d 695

Daniel C. Steelhammer, Eugene, argued the cause for appellants. With him on the briefs was Perrin & Gartland, P.C., Eugene.

Thomas B. Russell, Eugene, argued the cause for respondents. With him on the brief was Husk Gleaves Swearingen Larsen & Potter, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants Larson, Ramsay and Fennell (individual defendants) appeal from a summary judgment against them. They assign as errors that the court entered summary judgment when it did not have "jurisdiction," that there were genuine issues of material fact, that the amount of the judgment was wrong, that there was no basis for entering a judgment on less than all of the claims and against less than all of the defendants and that it allowed attorney fees and costs to plaintiff after individual defendants filed their notice of appeal. We reverse.

In July, 1980, plaintiffs loaned $100,000 to the individual defendants and to Homestead Development Corporation (corporate defendant), evidenced by a promissory note and secured by a collateral assignment of the interest of corporate defendant as seller and beneficiary in certain land sale contracts and trust deeds and in the collection escrows into which the third-party purchasers and borrowers made payments. Defendants paid plaintiffs interest on the loan but did not reduce the principal. In August, 1981, the parties modified the interest rate and extended the due date of the note to January 15, 1982.

Defendants defaulted. Plaintiffs sued them for principal, interest and attorney fees and to foreclose on the collateral. Defendants' answer alleged affirmatively that in February, 1982, plaintiffs took possession of the collection escrows and the underlying documents and collected payments made into the collection escrows and that "defendants are entitled to an accounting of all sums collected by plaintiffs * * * and defendants are thereby entitled to an offset against any sums claimed to be owed by them to plaintiffs."

In September, 1982, plaintiffs moved for summary judgment against all defendants for $114,077.42, plus daily accruing interest from August 5, 1982, and for sale of the collateral and application of the proceeds on the obligations. Plaintiffs filed a supporting affidavit of plaintiff Pierce, stating that plaintiffs had received from the collection escrows from December 31, 1981, through August 5, 1982, the sum of $5,090.52 but that plaintiffs have "neither closed or discontinued any of the above escrows with respect to obligations which are in default * * *." The affidavit then stated:

"Plaintiffs have incurred costs and expenses, including attorney fees, in the operation and collection of such amounts, and in attempts to collect other amounts due under the land sale contracts and trust deeds and notes, in the amount of $3,058.50 through August 5, 1982. The costs and expenses constituting that sum are detailed in the Affidavit of Stephen O. Lane respecting this motion for summary judgment. Plaintiffs have applied such sum ($3,058.50) against the amount collected through the escrow companies ($5,090.52) and have applied the difference ($2,032.02) against the accrued but unpaid interest on Defendants' obligation ($16,109.44 interest from October 16, 1981 through August 5, 1982), resulting in Defendants' obligation as of August 5, 1982 being $100,000 principal, plus $14,077.42 accrued but unpaid interest, plus Plaintiffs' other costs and attorney fees described in the Affidavit of Stephen O. Lane. * * *"

On September 28, 1982, the court entered "an Order and Judgment" against defendants, providing in part:

"(1)   There is entered herein a summary judgment for the Plaintiffs against the Defendants, jointly and severally, in the amount of $114,077.42 as principal and interest to August 5, 1982 and 20% per annum on the unpaid balance of that sum from August 6, 1982 until paid. The matter of attorneys fees is reserved for determination pursuant to an ORCP 68 hearing to be set upon the Motion of Plaintiff. Plaintiffs' costs and disbursements herein shall be awarded pursuant to the cost bill. Final judgment in this matter shall be entered after the disposition of the collateral as outlined in paragraph (2) for so much of the above obligation, plus attorneys fees and costs, as shall be owing after the application to the obligation of the proceeds from the sale of the collateral, as well as any escrow payments from the collateral received by the Plaintiffs before the sale.

"(2)   In order to achieve a commercially reasonable sale of the collateral that secures the obligation between the parties, namely the Shapitka, Parks, Hildebrand, Kehn, Carter, and Chernecki land sale contracts or trust deeds and notes, the Defendants shall upon the following conditions be permitted to sell for cash any of the collateral, for a period terminating 60 days from the date of this Order.

"The conditions of such sales are as follows:

"(a)   The Plaintiffs have the right of first refusal to bid in a portion of the judgment hereby awarded to them,

provided that they exercise such right within 2 business days of the time a written purchase offer is presented to them.

"(b) In the event of a sale to a third party, the Plaintiffs have the right to approve the sale closing costs, if any, to be paid out of the purchase.

"(c) The Defendants shall render an accounting and disburse to the Plaintiffs within 2 business days of receipt, the proceeds of any such sales.

"(3) All collateral not sold in accordance with the provisions of paragraph (2) of this Order and Judgment, or otherwise disposed of by mutual agreement of the parties, shall be sold by open, verbal, bid auction to the highest cash bidder, conducted by the Plaintiffs at a public place, on the ninth week following the date of this Order. The terms of the sale shall be that the highest bidder shall deposit 10% of the bid at the sale in cash or cashier's check and shall pay the balance within 24 hours with cash or cashier's check. If the balance is unpaid, the deposit is forfeited and the collateral is offered to the second highest bidder, on the same terms and this procedure shall repeat until the collateral is sold. The Defendants shall, as to all collateral not sold by the end of the eighth week, from the date of this Order, furnish to the Plaintiffs, signed unconditional assignments in blank, assigning their interest in the collateral, to be furnished to the highest bidder at the sealed bid auction."

Because of corporate defendant's bankruptcy, none of the collateral was sold. On December 30, 1982, plaintiffs moved "for several summary judgments" against individual defendants for $114,077.12 principal, interest to August 6, 1982, and interest thereafter at 20% per annum. A supporting affidavit stated that just before the public sale provided for in paragraph (3) of the "Order and Judgment" of September 28, 1982, corporate defendant

"who held title to the assets pledged as security that were to be sold, filed a bankruptcy petition, the result of which is to cause automatic stay as to any proceedings regarding a bankrupt's estate assets, or those assets necessary to the administration of the bankrupt.

"Plaintiff has requested of the trustee appointed in the bankruptcy that these particular assets be released so that they may be sold according to the plan approved by this court and the trustee has refused to do so * * *."

The affidavit further stated that all but one of the collection escrows are "still in effect subject to instructions to pay proceeds to plaintiff * * *" and that the Pierce affidavit of August 5, 1982, contained "a complete accounting of the receipts and application of funds paid to the trust from the escrow accounts through July 1982." Individual defendants filed an opposing affidavit that "plaintiffs have not provided the defendants with the accounting and the receipt of moneys paid into the collection accounts on the land sale contracts and trust deeds in question and have not accounted for how those funds were applied."

On January 24, 1983, the court entered the summary judgment against the individual defendants from which this appeal is taken:

> "This matter came on for hearing before this Court on the 17th day of January, 1983 upon Plaintiff's Motion for final Summary Judgment against the Defendants Van B. Larson, Edward L. Ramsay and Douglas E. Fennell and the Court having reviewed the previous order of September 28, 1982 and now finding that Defendants do not contest the obligation which was previously determined by the Court, and that the Plaintiff is entitled to such a judgment as a matter of law and that the Court further finds that there are no other issues to be determined in this suit as to these Defendants, nor any other reason to postpone the entry of this judgment as a final judgment taking into consideration that the other Defendant in this matter, Homestead Development Company, Inc., is in bankruptcy, as well as its assets, which were the subject of the Court's previous Order and, therefore, there is no just reason for the delay of entry of this judgment, therefore

> "IT IS ORDERED, ADJUDGED AND DECREED and the Court expressly directs that this judgment be entered on behalf of Plaintiff as a final judgment jointly and severally against the Defendants Van B. Larson, Edward L. Ramsay and Douglas E. Fennell in the amount of $114,077.12 with interest thereon from August 6, 1982 until paid at the rate of 20% per annum and that Plaintiff shall be allowed its attorneys fees and costs in this matter pursuant to the provisions of ORCP 68 and the previous orders entered in this matter."

Individual defendants first assign as error that the court had no "jurisdiction" to enter the 1983 judgment. They argue that the September 28, 1982, "Order and Judgment" was a final judgment and that the court could not enter

another one. We agree that that was a final judgment. Although it provided that "final judgment shall be entered" subsequently, it also provided that "[t]here is entered herein a summary judgment for the Plaintiffs against the Defendants, jointly and severally" in the amount stated. It is "plainly labeled as a judgment and set forth in a separate document" and "specifies clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action." ORCP 70A. *See Gibson v. Benj. Franklin Fed. Savings & Loan Ass'n,* 294 Or 702, 662 P2d 703 (1983). It determined the rights of the parties so as to prevent entry of a judgment thereafter. *See City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983); ORS 19.010(2)(a).

Defendants did not appeal from the 1982 judgment. Accordingly, the court had inherent power to modify that judgment within a reasonable time. *See* ORCP 71C; *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 658, 601 P2d 1237 (1979); *Slip v. Amato,* 231 Or 512, 373 P2d 673 (1962); *see also Stevenson v. U. S. National Bank,* 296 Or 495, 677 P2d 696 (1984). An unreasonable time did not elapse before January 24, 1983, and individual defendants have not asserted that it did. Plaintiffs' motion of December 30, 1982, that resulted in the 1983 summary judgment was in effect a motion to modify the 1982 judgment and to enter a modified judgment.

The 1982 judgment provided that plaintiffs apply to the obligation of $114.077.12, attorney fees and costs, any escrow payments received by the plaintiffs from the collateral before its sale. Defendants' next two assignments of error in effect assert that, when the court entered the 1983 judgment, it entered it in the wrong amount. Pierce's affidavit had stated that $5,090.52 was received from the collection escrows through July 30, 1982, and was applied on attorney fees and accrued interest to reduce the principal balance and interest accrued to August 5, 1982, to $114,077.42, the amount entered in the 1982 judgment. Plaintiffs did not apply amounts received from the collection escrows after July 30, 1982, to reduce the obligation further. Plaintiffs and individual defendants in their briefs agree that $6,981.60 was received by plaintiffs from the collection escrows through January 24, 1983, including the $5,090.52 received through July 30, 1982. This information was not before the court on January 24,

1983. Plaintiffs submitted no affidavit or other evidence before the 1983 judgment to account for those funds.

■ In the 1983 judgment, the court recited that "defendants do not contest the obligation which was previously determined by the court" and "that the court further finds that there are not other issues to be determined in this suit as to these defendants." The record does not support those findings. Defendant Ramsay's affidavit of January 12, 1983, sets out specifically that "plaintiffs have not provided the defendants with the accounting on the receipt of moneys paid into the collection accounts on the land sale contracts and trust deeds in question and have not accounted for how those funds were applied." There was a genuine issue of material fact that individual defendants raised below as to the amounts that plaintiffs had received from the collections escrows after July, 1982, and, therefore, what the correct amount of defendants' obligation was on January 24, 1983. Accordingly, the 1983 judgment must be reversed and remanded only for proceedings to account for the amounts that plaintiffs received from the collection escrows after July 30, 1982, and to enter a modified judgment in the correct amount.

■ We will also address the last two assignments of error of individual defendants. The fourth assignment of error is without merit. The recitation in the 1983 judgment complies with ORCP 67B (2).[1] Individual defendants' fifth assignment is that the court's order of February 25, 1983, that allowed attorney fees and costs to plaintiffs as part of the judgment of January 24, 1983, is void because individual defendants had, prior to that date, filed their notice of appeal. We cannot consider the merits of this assignment. The record does not disclose that individual defendants have appealed from the order of February 25, 1983. *See Pratt v. McNally-Rathbone, Inc.,* 61 Or App 443, 568 P2d 516 (1983).[2]

---

[1] The judgment recites that there is not "any other reason to postpone the entry of this judgment as a final judgment taking into consideration that the other defendant in this matter, Homestead Development Co., Inc., is in bankruptcy, as well as its assets which were the subject of the court's previous order and, therefore, there is no just reason for the delay of entry of this judgment * * *."

[2] ORS 19.033, *amended,* effective January 1, 1984 by Or Laws 1983, ch 673, § 22(1), now provides that a trial court

"* * * shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute. If

Reversed and remanded for proceedings to account for the amounts that plaintiffs received from the collection escrows after July 30, 1982, and to enter a modified judgment.

the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, any necessary modification of the appeal shall be pursuant to rules of the appellate court."