On respondent's motion to dismiss filed June 20,
motion to dismiss denied September 19, 1984

# AMVESCO, INC.,
*Appellant,*

*v.*

# KEY TITLE COMPANY OF BEND,
*Respondent.*

(32826; CA A31774)

687 P2d 1121

Brian J. MacRitchie, and Gray, Fancher, Holmes & Hurley, Bend, appeared for respondent.

Harold D. Gillis, P.C., Eugene, appeared for appellant.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Respondent moves to dismiss the appeal on the ground that this court lacks jurisdiction because the notice of appeal was not filed within 30 days after the entry of the judgment appealed from. ORS 19.026(1); ORS 19.033(2). We deny the motion.

During trial, respondent moved to dismiss the action pursuant to ORCP 54B(2), and the motion was granted. On February 20, 1984, respondent served and submitted a proposed form of judgment, which dismissed the complaint without prejudice, taxed costs in the amount of $93 and awarded attorney fees to respondent in an amount left blank. When respondent tendered the proposed judgment, it also submitted a cost bill and an affidavit in support of the claim for attorney fees. On February 22, the trial judge filled in the blank for the amount of the attorney fees requested and signed the judgment. On February 23, the clerk entered the judgment and mailed notice of the judgment's entry to respondent's counsel, but not to appellant's counsel. Appellant received the *proposed* judgment on February 22 and on that day submitted objections to an award of attorney fees. On March 2, defendant filed a memorandum in support of its claim for attorney fees. On March 16, the trial court notified the parties that a hearing on appellant's objections would be held on April 20.

On March 28, appellant received notice from the clerk to the effect that, because more than 30 days had passed since entry of the judgment, the trial exhibits would be destroyed. Appellant contacted the clerk's office and learned for the first time that the judgment had been entered on February 23. On March 29, appellant filed a motion to vacate the judgment on the ground that the judgment was entered without notice as required by ORCP 70B(1) and that it was entered contrary to ORCP 68C(4)(d). No hearing was held on the objections to the attorney fees or the motion to vacate, because they were submitted on the record. On May 1, the trial judge signed the following order, which was entered May 2:

"Plaintiff's Motion to Vacate and Objections to Attorney's Fees came before this court on April 20, 1984; the Motion and Objections were submitted on the record and the Court after reviewing the same,

"HEREBY ORDERS as follows:

"1)  The motion to vacate judgment is denied.

"2)  The objections to attorney's fees are denied.

"3)  The judgment entered in this case dated February 22, 1984, is in all respects affirmed and shall be effective from the date of this order."

The notice of appeal was filed May 23. It provides that appellant "gives notice of appeal from the judgment of dismissal entered in this case February 22, 1984 * * * and affected by the order entered May 2, 1984 * * *."

■        ORCP 70B(1) provides in part:

"All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date judgment is entered, mail a notice of the date of entry of the date of judgment to the attorneys of record, if any, of each party who is not in default for failure to appear. * * * Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68."

First, with respect to the clerk's failure to notify appellant of the date the judgment was entered, we held in *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983), that the clerk's failure to notify counsel does not mean that the judgment was not *entered* for purposes of appeal under ORS 19.026. *See also Union Oil Co. v. Clackamas Co.,* 67 Or App 27, 676 P2d 948, *rev den* 297 Or 227 (1984). In other words, "the clerk's failure to comply with ORCP 70B(1), does not create an exception to ORS 19.026 * * *." *Junction City Water Control v. Elliott, supra,* 65 Or App at 552.

■        The next question concerns the filing of objections to the award of attorney fees and whether that delays entry of the judgment. Appellant filed objections within the time provided by ORCP 68C(4)(b). However, "entry of judgment shall not be delayed for taxation of costs, disbursements and attorneys fees under Rule 68." ORCP 70B(1). Accordingly, the judgment was *entered* by the clerk on February 23, even though objections to attorney fees were pending.

■        That brings us to the order of May 1. It expressly denies the motion to vacate and the objections to attorney fees. The difficult question is determining what was intended when the trial court ordered that "the judgment entered in this case * * * is in all respects affirmed and shall be effective

from the date of this order." The rule is that a trial court is powerless "to set aside one judgment and enter another for the sole purpose of extending the time for appeal." *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 659, 601 P2d 1237 (1979).

■ That rule, however, is not applicable in this case. There is nothing in the record to indicate that the trial judge intended, when he entered the order, to extend the time for appeal and thereby to accommodate the appellant. On the contrary, the trial court decided the award of attorney fees prior to the expiration of time within which appellant could file objections. ORCP 68C(4)(b). That miscue was apparently called to the trial court's attention, because a hearing on the objections was set for April 20. In the meantime, appellant learned that the judgment had been entered, which prompted the filing of the motion to vacate the judgment. When that motion was filed, there was a judgment entered awarding, *inter alia,* attorney fees to respondent, while objections to the fees were still pending.

It is apparent that when the trial court considered the motion to vacate, it reconsidered respondent's entitlement to attorney fees in the light of the objections. In doing so, the trial court was correcting its earlier mistake of making a premature award. Because of that mistake, the trial court then "affirmed" the judgment as originally entered and provided for a new effective date.

When the May 1 order was entered, *Stevenson v. U.S. National Bank,* 296 Or 495, 677 P2d 696 (1984), had been decided. In *Stevenson,* the trial judge assured the plaintiff that he would not sign a judgment before additional argument. The judgment was signed prematurely by mistake. After discovery of the mistake, the trial court granted plaintiff's motion to set aside the original judgment. After further consideration, the trial court entered another judgment which was substantially the same as the original. The plaintiff appealed from that judgment. The court stated:

> "In the present case, the judgment was entered before the trial court determined the motion to reconsider and while the matter was still under advisement. This is not a case in which the trial court came to a final decision and later set aside a judgment merely to accommodate a party who missed the

time for appeal. There is nothing in the order or any part of the record available to us to indicate that the *sole purpose* for setting aside the judgment was to extend the time for appeal, even though this was a result. We hold that the trial court's grant of the motion to set aside the judgment and issue another was authorized by ORCP 71A and 71C and was not an abuse of discretion." 296 Or at 498. (Emphasis in original; footnotes omitted.)

We hold that the trial court, having discovered its mistake and intending to correct the mistake, had the inherent power to change the effective date of the judgment without vacating or setting aside the judgment. ORCP 71C provides:

"*[Rule 71] does not limit the inherent power of a court to modify a judgment within a reasonable time,* or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7D(6)(f), or the power of a court to set aside a judgment for fraud upon the court." (Emphasis supplied.)

In effect, what the trial judge did in this case is what the trial judge did in *Stevenson v. U.S. National Bank, supra.* The notice of appeal was filed within 30 days of the modified effective date.

The motion to dismiss for lack of jurisdiction is denied.