Argued and submitted September 18, reversed and remanded October 29, 1986

CONDLIFF,
*Appellant,*

*v.*

PRIEST et al,
*Defendants,*
*and*

WESTERN SURETY COMPANY,
*Respondent.*

(A8502-00807; CA A37423)

727 P2d 175

Steven M. Rose, Portland, argued the cause for appellant. On the brief were Richard Senders, and Rose and Senders, Portland.

John C. Cahalan, Portland, argued the cause and filed the brief for respondent. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals from an amended judgment which modified a final judgment entered in favor of plaintiff by striking punitive damages against defendant Western Surety Company (Western). We reverse.

Plaintiff sued car dealer Paul Priest Motors (Priest), car salesman Daniel Priest and Western, Priest's surety,[1] for fraud and unlawful trade practices. He sought $1,100 in compensatory damages, $7,000 in punitive damage, $4,000 in attorney's fees and costs. Under the local circuit court rules, the case was subject to mandatory arbitration because the prayer was for less than $15,000.[2] All parties were served with copies of the complaint.

Western's counsel tendered the defense to Priest's counsel. Priest's counsel accepted the tender and appeared on behalf of all defendants. The case was heard by the arbitrator on May 17, 1985. No objection to plaintiff's request for punitive damages was made before or during arbitration by any of the defendants. The arbitrator issued his decision on May 21, 1985, awarding plaintiff $400 in compensatory damages, $5,000 in punitive damages and unspecified attorney fees against all defendants. The circuit court rules provide that an arbitrator's award becomes final unless it is appealed to the circuit court for trial *de novo* within 20 days of filing of the arbitrator's award.[3] No appeal was taken, and the circuit court entered final judgment on June 17, 1985. Notice of entry of the judgment was mailed to the attorneys of record by the court.

On July 12, 1985, plaintiff served a demand for payment of the judgment on Western. On August 14, 1985, Western filed a motion to set aside the judgment or to stay execution under ORCP 71B(1) and 71C and claimed "compelling circumstances," due to Priest's attorney's failure to assert

---

[1] Oregon law requires automobile dealers to carry $15,000 surety bonds, and allows a party defrauded by a dealer to sue the bonding company directly. *Former* ORS 481.305; *former* ORS 481.310; *now* ORS 822.030.

[2] Multnomah County Circuit Court Supplemental Rule 13.035(2)(a)(i); *former* Multnomah County Arbitration Rule 14.03(B)(1)(a).

[3] Multnomah County Circuit Court Supplemental Rule 13.245(1); *former* Multnomah County Arbitration Rule 14:24(A).

a valid defense on its behalf and failure to adequately inform Western of the progress of the action. The court denied Western's motion but, on its own motion, modified the judgment pursuant to ORCP 71C[4] by deleting the award of punitive damages against Western on the basis that, as a matter of law, a surety is not liable for punitive damages resulting from the fraudulent conduct of an automobile dealer. *Butler v. United Pacific Ins. Co.,* 265 Or 473, 509 P2d 1184 (1973).

■      Plaintiff argues that the trial court abused its discretion under ORCP 71C[5] in amending the final judgment. Rule 71C reaffirms a trial court's traditional power to modify a judgment within a reasonable time. *Palmateer v. Homestead Development Corp.,* 67 Or App 678, 680 P2d 695 (1984). Although the boundaries of that authority are not well defined, generally the court's exercise of its inherent authority has been limited to making technical amendments, *Palmateer v. Homestead Development Corp., supra,* to correcting errors of the court, *Stevenson v. U.S. National Bank,* 296 Or 495, 677 P2d 696 (1984), or to situations in which "extraordinary circumstances" are present. *Vinson and Vinson,* 57 Or App 355, 644 P2d 635, *rev den* 293 Or 456, (1982). Generally, the authority has not been used to allow parties to circumvent *res judicata* or to assert new substantive arguments. *Stevenson v. U.S. National Bank, supra; Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979).

■      In this case, we conclude that the court acted outside the permissible range of its discretion. Western received a copy of the complaint which specifically included a claim for punitive damages. Rather than answer, it chose to tender the defense to Priest. Had it chosen, Western could have conferred with Priest and directed it to assert specific defenses on Western's behalf. We do not believe that Western's failure to

---

[4] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

[5] Western argues that the court's action may also be justified under ORCP 71B(1). Since the trial court found no mistake, inadvertence, surprise or excusable neglect to have been present, we hold that this argument is without merit.

stay abreast of the developments in the case or Priest's failure to keep it advised justifies allowing Western belatedly to assert a defense which was not timely raised and which could not otherwise have been asserted on direct appeal.

The cases Western relies upon are distinguishable. *Palmateer v. Homestead Development Corp., supra,* involved a technical amendment of the original judgment. The original judgment, $114,077.42 jointly and severally against corporate and individual defendants, provided that "[f]inal judgment in this matter shall be entered *after* the disposition of the collateral * * *." (Emphasis supplied.) 67 Or App at 681. Thereafter, the corporate defendant filed a bankruptcy petition staying disposition of the collateral. The amended judgment merely allowed the plaintiffs to move against the individual defendants *before* disposition of the collateral. In *Braat v. Andrews,* 266 Or 537, 514 P2d 540 (1973), the prevailing party filed a motion 17 days after the original judgment seeking attorney fees. The trial court amended the judgment to allow the fees. Unlike the case at bar, the amendment did not affect the merits of the action and did not allow the losing party to inject a defense not previously asserted.

Reversed and remanded with instructions to reinstate the original judgment.