4F2C et al,
*Appellants,*

*v.*

PACIFIC HEALTH FACILITIES et al,
*Respondents.*

(A8507-04149; CA A40333 (Control))

4F2C et al,
*Appellants,*

*v.*

PACIFIC HEALTH FACILITIES et al,
*Respondents.*

(A8602-00752; CA A40334)
(Cases Consolidated)

752 P2d 1221

William L. Hallmark, Portland, argued the cause for appellants. With him on the brief were Hallmark, Griffith & Keating, P.C., Fred L. Kopatich and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Jacob Tanzer, Portland, argued the cause for respondents Pacific Health Facilities, a partnership comprised of Fuhrman Development Co., Rolph Fuhrman, Gary S. Gunderson, John H. Bollons, Carl W. Poss, Jr., Star Land Management Co., Inc. and Elaine M. Bollons, personal administrator and successor in interest to John H. Bollons; Donald R. Wyant, Sr., Martin Peterson, Gary W. Pederson, and Mark P. Sammis. With him on the brief were Ball, Janik & Novack, Portland.

No appearance for respondent Wesley R. Rounds.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

These cases arise out of a dispute between Able Corporation and its successor, 4F2C (Able), and Pacific Health Facilities (PHF), concerning the interpretation of separate lease and purchase option agreements entered into between Able and PHF. In 1973, Able sold a five-acre tract of land in Portland to PHF for $50,000. In January, 1975, Able entered into separate lease and purchase option agreements with PHF. The lease provided that PHF would construct a nursing facility on the land, Able would lease the facility from PHF and the monthly rent would be adjusted in the seventh year of the lease if Able had not exercised its option to purchase by that time. If either party disagreed with the amount of the rent adjustment, the objecting party could submit the matter to arbitration. ORS 33.210 *et seq.*

Able exercised its option to purchase in 1983, but the sale did not close before the seven-year rent adjustment was due. The parties then entered into an agreement in March, 1984, setting out procedures to resolve their disputes over the rent adjustment as well as the purchase price. The rent was adjusted by arbitration under the agreement, and a valuation was also made for the purchase price. The parties dispute whether the procedure employed under the agreement for setting the purchase price was for an "arbitration" or an "appraisal."[1]

In July, 1985, Able brought an action for breach of contract and money had and received. We refer to that action as the damage case. On February 12, 1986, counsel for PHF filed in circuit court a document entitled "Arbitrators' Awards and Agreements" with more than 50 pages of attachments. We refer to that action as the arbitration case. On that same day, PHF's counsel mailed to counsel who had been representing Able a single envelope which contained PHF's answer to the second amended complaint in the damage case, the documents filed with the court in the arbitration case and a single certificate of service.

The documents were arranged with the 15-page answer in the damage case on top and the documents relating

---

[1] Because of our disposition, we do not reach the issue of whether both the rental adjustment and the purchase price were subject to arbitration.

to the arbitration case underneath. Separating the two cases was a single "cover sheet," which was on pleading paper and entitled "Arbitrators' Awards and Agreements." Although PHF had filed the arbitration case and sought the award, it created a caption for that cover document which labeled Able, 4F2C and its individual partners as "plaintiffs"[2] and PHF (and several other parties also involved in the damage case) as defendants. Thus the caption closely resembled the one in the damage case. No separate case number was on the cover document or on the arbitration papers. The place for a number was blank and did not show that it had, in fact, been filed.

Underneath the cover sheet for the arbitration case were over 50 pages of arbitration documents. The sheet was about one-third of the way down in the packet, with nothing special to call attention to it. Many of the documents in the arbitration proceeding would have been appropriate attachments to an answer in the damage case. There was no cover letter to plaintiffs' attorney on the top of the packet, describing the entire contents of the envelope. All were separate pages held together by a single removable clip with the certificate of service on the bottom. That certificate stated, in part:

> "I hereby certify that I served the foregoing ANSWER AND COUNTERCLAIMS and arbitrators' awards and written agreement to submit to arbitration on the following person by causing to be mailed to him copies thereof * * *."

On receipt of the documents, Able's counsel did not recognize them as including documents which required him to file exceptions to the arbitration award within 20 days, ORS 33.310, and he did not do so. On March 12, 1986, without informing the court that the damage case was pending, PHF's counsel took a judgment *ex parte* in the arbitration case. About two weeks after entry of the judgment, counsel for Able filed a motion for relief from judgment. Able assigns the denial of that motion as error and argues, *inter alia,* that the judgment should be set aside on the ground of excusable neglect. ORCP 71B(1)(a).[3]

---

[2] PHF did not, however, name Elsa J. Foster, a partner in 4F2C, as a party in the arbitration case.

[3] Although this was not the primary argument made in the trial court, the question of excusable neglect was adequately raised and was expressly ruled on by the trial judge.

■ Although entry of a judgment on an arbitration award is subject to ORS ch 33, and not to the Oregon Rules of Civil Procedure, after entry the judgment has the effect of a circuit court judgment entered after default. ORS 33.340.[4] It is thus subject to a motion for relief from judgment under ORCP 71B.

In discussing *former* ORS 18.160, the predecessor of ORCP 71B, the Supreme Court noted that "the statute should be liberally construed." *Wagar v. Prudential Ins. Co.,* 276 Or 827, 832, 556 P2d 658 (1976). Although a trial judge has discretion, the

> "discretion of which the statute speaks is a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to defeat the ends of justice. * * *

> "The statute is to be construed liberally to the end that every litigant shall have his day in court and his rights and duties determined only after a trial upon the merits of the controversy." *King v. Mitchell,* 188 Or 434, 441, 214 P2d 993, 216 P2d 269 (1950).

When an appellate court reverses the trial court's decision, "it necessarily decides the issue as a matter of law." *Hiatt v. Congoleum Industries,* 279 Or 569, 576, 569 P2d 567 (1977). In each of those cases, the Supreme Court reversed a trial court's refusal to grant relief from default. In *Morrell v. Lane County,* 35 Or App 793, 797, 582 P2d 847 (1978), we explained:

> "The statute * * * does not give absolute discretion. Rather, it grants discretion to accomplish the objective of orderly determination of the merits. These considerations have been identified to guide discretion toward the accomplishment of that objective: the defaulted party's diligence in moving to set aside the default, the tender of a meritorious defense, and the

---

[4] ORS 33.340 provides:

"Whenever no objection is made to the entering of judgment after award, judgment shall be entered according to the award and shall have the force and effect of a judgment obtained in the circuit court after default. Whenever any judgment is entered after objection on the part of any party by the order of such court, such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts. The right to except to or review an award or to appeal from a judgment thereon shall not be circumscribed or abridged by any contractual provisions; nor shall any burden or penalty, other than such as are provided by law, be imposed by anyone against any party who excepts or appeals."

degree of prejudice to the other party if the default is set aside."

■    In this case plaintiffs' attorney received a packet which appeared to be—and which he could have anticipated —only an answer to the complaint and attachments to that answer. Discovering that it actually included a filing of the arbitrators' award under ORS ch 33 required a detailed examination of the documents. The unusual method by which PHF prepared and sent the material was likely to deter such an examination. The only thing that PHF did fairly to alert Able that anything other than an answer in the damages case was filed was to include a cover sheet for the arbitration award under the answer to the damage case, and it was only one of more than 65 pages. The caption of that cover sheet was almost identical to that in the damage case, naming Able as plaintiff when, in fact, PHF was asking for the relief. The caption thus did not suggest that something other than the damage case was involved. The format of the certificate of service drew attention away from the arbitration papers, because the only capitalized reference related to the damage case. In short, not only was plaintiffs' neglect in failing to discover everything that was in the packet excusable, PHF unfairly provoked it. Plaintiffs moved to set aside the default with adequate diligence and tendered potentially meritorious defenses, and there is no suggestion of prejudice to defendants. The judgment should have been set aside.

The damage case was dismissed, apparently on the ground that Able was precluded by *res judicata* from seeking damages because of the judgment in the arbitration case. From our decision in the arbitration case, it necessarily follows that the judgment of dismissal in the damage case is reversed.[5]

Reversed and remanded with instructions to set aside arbitration judgment in CA A40334 and to set aside judgment in CA A40333 and reinstate the damage action.

·

---

[5] Because of our disposition, we need not address any other assignments of error.