Argued and submitted March 12, reversed and remanded with instructions to
reinstate judgment October 21, 1992

## OLD REPUBLIC SURETY COMPANY,
a Wisconsin corporation,
*Appellant,*

*v.*

## Robert McILWAIN
and Betty McIlwain,
husband and wife,
*Respondents.*

(90-5-30; CA A69654)

839 P2d 743

John L. Langslet, Portland, argued the cause for appellant. With him on the brief was Martin, Bischoff, Templeton, Langslet & Hoffman, Portland.

No appearance for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals from an order setting aside a judgment that was entered on an arbitration award. We reverse.

Plaintiff brought this action to recover on an indemnity agreement. The case was transferred to a court arbitration program, ORS 36.400, and was heard on September 19, 1990. On September 21, 1990, the arbitrator issued a written opinion in plaintiff's favor. A copy of that opinion was sent to and received by defendants' attorney on September 24, 1990. The arbitrator signed the award on October 12, 1990. Although it was mailed to the parties' attorneys on that date, defendants' attorney testified that he did not receive it.

The award was filed in the trial court on October 16, 1990. Defendants filed their notice of appeal on November 9, 1990, several days after the period had expired in which defendants could have filed a "written notice of appeal and request for a trial de novo." ORS 36.425(2)(a). The trial court found that the notice of appeal had not been timely filed and entered a judgment on the arbitration award. ORS 36.425(3). Defendants then filed a motion for relief from the judgment, alleging mistake, inadvertence and excusable neglect. ORCP 71B(1)(a). The court granted that motion and entered an order setting aside the judgment, and plaintiff appeals.

■ When a court-annexed arbitration award is filed with the court, together with proof of service on every party, any party seeking a trial *de novo* must file a written notice of appeal within 20 days. ORS 36.425(1)-(3). If a notice of appeal is not filed within the 20-day period, then

> "the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the same force and effect as a final judgment of the court in the civil action and may not be appealed." ORS 36.425(3).

Although defendants allege that they did not receive a copy of the award, it is undisputed that the arbitrator fulfilled the filing and proof of service requirements and that defendants did not submit a notice of appeal within the 20-day period. The trial court properly entered the judgment pursuant to ORS 36.425(3).

After a judgment on an arbitration award is entered, it is subject to a motion for relief from judgment under ORCP 71B. *4F2C v. Pacific Health Facilities*, 90 Or App 288, 293, 752 P2d 1221, *rev den* 306 Or 101 (1988). ORCP 71B(1)(a), gives the trial judge discretion to set aside a judgment taken against a party through mistake, inadvertence, surprise or excusable neglect. *4F2C v. Pacific Health Facilities, supra*, 90 Or App at 293. The trial judge's discretion is not absolute; rather, ORCP 71B(1)(a) gives the judge "discretion to accomplish the objective of orderly determination on the merits." *Morrell v. Lane County*, 35 Or App 793, 797, 582 P2d 847 (1978). We review the trial court's action of setting aside the judgment for an abuse of discretion. *Pacheco v. Blatchford*, 91 Or App 390, 392, 754 P2d 1219 (1988). Plaintiff argues that the court had no basis for setting aside the judgment and that it abused its discretion in doing so. We agree.

Although defendants have not filed a brief on appeal, they contended at trial that the judgment should be set aside as a matter of law. In determining whether or not to set aside a judgment under ORCP 71B(1)(a), each case must be considered on its own facts. *Wager v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976). Both of the cases on which defendants relied involved default judgments entered against a defendant who had no knowledge of the lawsuit until it received a copy of the judgment from the plaintiff. *Hiatt v. Congoleum Industries*, 279 Or 569, 569 P2d 567 (1977); *Wager v. Prudential Ins. Co., supra.* In this case, both parties had an opportunity to present their positions to an arbitrator, who then rendered a decision in favor of plaintiff. There has already been an "orderly determination on the merits" of this dispute. Also, the arbitrator's letter decision of September 21, 1990, was sent to and received by both attorneys. Upon receipt of that letter, defendants knew that the arbitrator had found in plaintiff's favor.

The arbitration award of October 12, 1990, was properly filed with the trial court on October 16, 1990. Although defendants may not have received a copy of the award, there is no indication that they were misled as to the date when the award was filed. They knew of the arbitrator's decision and could have inquired of the court clerk regarding the filing date. Instead, they failed, for more than 40 days

after they were notified of the decision, to take any action whatsoever on the matter.

Here, as in *Haas v. Scott et al.*, 115 Or 580, 588, 239 P 202 (1925),

> "[t]he defendants had received a copy of the findings and would necessarily be expecting an entry of the decree, which was made in the public records of the court. * * * [T]his of itself [is] ample notice to the defendants. * * * The decree was not taken against defendants through their 'mistake, inadvertence, surprise or excusable neglect.' "

Additionally, defendants

> "could have easily consulted the record, and ascertained therefrom the true condition of the case; but, not having done so, the neglect [is] inexcusable, and they ought not be relieved from the judgment upon the showing made * * *." *Tongue v. Brewster*, 35 Or App 228, 229, 58 P 38 (1899), *quoted in Far West Landscaping v. Modern Merchandising*, 287 Or 653, 656, 601 P2d 1237 (1979).

*See also Western Land etc. Co. v. Humfeld*, 118 Or 416, 419, 247 P 143 (1926):

> "The record shows the findings and conclusions were filed * * *. Had the attorney investigated these records, he would have discovered the decree."

If defendants wanted to challenge the award, it was their obligation to determine the date that the award was filed with the court and to file their notice of appeal within 20 days.

Moreover, as plaintiff argues, it is well settled that a trial court cannot set aside a judgment for the sole purpose of extending the time for appeal. *Stevenson v. U.S. National Bank*, 296 Or 495, 498, 677 P2d 696 (1984); *Far West Landscaping v. Modern Merchandising, supra*, 287 Or at 658; *Haas v. Scott et al., supra*, 115 Or at 589; *Amvesco, Inc. v. Key Title Co.*, 69 Or App 740, 744, 687 P2d 1121 (1984); *Tierney v. Duris*, 21 Or App 604, 611, 536 P2d 431 (1975). Because the judgment entered on the arbitration award has the same effect as a "final judgment of the court in the civil action," ORS 36.425(3), we conclude that the rule is applicable to the case at hand, where we can discern no other reason for the

order vacating the judgment except to allow defendants additional time within which to appeal. Accordingly, the order setting aside the judgment cannot be upheld.

Reversed and remanded with instructions to reinstate the judgment.