Argued and submitted November 15, request for sanction denied; affirmed
December 8, 1993

GREEN SEASONS TURF & TREES, INC.,
and Steven E. Ethington,
*Respondents,*

*v.*

SHIVA'S RESTAURANT CORP.,
c/o Paul Shiva, President,
Paul Shiva and Negin Javidpoor,
*Appellants,*

SHIVA'S RESTAURANT CORP.,
c/o Paul Shiva, President,
Paul Shiva and Negin Javidpoor,
*Appellants,*

*v.*

GREEN SEASONS TURF & TREES, INC.,
and Steven E. Ethington,
*Respondents.*

(DCV92-5047; CA A78566)

864 P2d 1345

Frank S. Wesson argued the cause and filed the brief for appellants.

Kathie F. Steele argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendants[1] appeal from an order denying their motion for relief from a judgment entered on an arbitration award. ORS 36.425. They contend that the court abused its discretion in refusing to set aside a judgment that was entered due to their "mistake, inadvertence, surprise or excusable neglect." ORCP 71B(1)(a).

■ Plaintiffs assert that the order is not appealable because defendants did not request a trial *de novo* within the time permitted by ORS 36.425(2)(a) and therefore, by statute, the resulting judgment is final and not appealable. ORS 36.425(3) provides:

> "If a written notice is not filed under paragraph (a) of subsection (2) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration decision and award as a final judgment of the court, which shall have the same force and effect as a final judgment of the court in the civil action and may not be appealed."

Plaintiff's argument is not correct, because defendants appeal a post-judgment order, not the judgment entered on the arbitration award. ORS 19.010(2)(c) provides:

> "For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
>
> "* * * * *
>
> "(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

Notwithstanding the non-appealability of the judgment, we have authority to review an order that affects a substantial right entered after a final judgment based on an arbitration award. *See Loving v. Portland Postal Employees Credit Union*, 124 Or App 373, 378, 862 P2d 556 (1993).

■ The court did not abuse its discretion in refusing to relieve defendants from the judgment. They claim that the arbitrator failed to mail to their attorney a copy of the arbitration award until after the judgment was entered. However, the arbitrator satisfied ORS 36.425(1), because he filed the award with the court "together with proof of service

---

[1] We refer to the parties by their identities in the first-captioned lawsuit. The second caption reflects a counterclaim.

of a copy of the decision and award upon each party." The arbitrator also sent a letter to defendants' counsel, which said, as material:

"Enclosed please find my Arbitration Award, my time statement and the defendant's [*sic*] exhibits. As you can see, I have allowed your Motion to Dismiss Ms. Steele's Second Claim for Relief. I have not awarded costs to your client on the Second Claim for Relief because I believe he has been unjustly enriched. I have awarded Green Seasons 35% of their contract price of $7,083, plus costs, attorney fees, and interest."

Defendants acknowledge that their counsel received the letter on July 13, 1992. Twenty-five days after receipt, counsel sent a letter to the arbitrator asking for a clarification of the award. He received a copy of the award on August 18, 1992, and, on the following day, moved for relief from the judgment of arbitration. Defendants knew of the award and could have inquired of the clerk regarding the filing date but, instead, waited for 37 days before they sought relief from the judgment. We held in *Old Republic Surety Co. v. McIlwain*, 115 Or App 615, 619, 839 P2d 743 (1992), that a party who sought relief from judgment under nearly identical facts had not shown excusable neglect. The trial court reached the same conclusion here. We find no abuse of discretion.

■ Defendants argue that the court erred in entering the judgment because the arbitrator was prejudiced toward them and the award was erroneous on its face. As to those claims, the judgment is final and not appealable. ORS 36.425(3); *Loving v. Portland Postal Employees Credit Union, supra*.

Plaintiffs request a sanction against defendants under ORS 19.160 for taking an appeal without probable cause. We reject that request without discussion.

Request for sanction denied; affirmed.