Argued and submitted November 24, 2014, reversed and remanded
February 19, 2015

OAKLEIGH-McCLURE NEIGHBORS;
Bryn Thoms; Sandy Thoms; Tammy Crafton;
Karen Fleener-Gould; Scott Fleener-Gould;
Cecelia Baxter-Heintz; and Paul Baxter-Heintz,
*Petitioners below,*
*and*
Paul CONTE
and Simon Trautman,
*Petitioners,*
*v.*
CITY OF EUGENE
and Oakleigh Meadows Co-Housing, LLC,
*Respondents.*

Land Use Board of Appeals
2014001; A157756

344 P3d 503

William K. Kabeiseman argued the cause for petitioners. With him on the brief was Garvey Schubert Barer.

Anne C. Davies argued the cause for respondent City of Eugene. With her on the brief was City Attorney's Office.

Zack P. Mittge argued the cause for respondent Oakleigh Meadows Co-Housing, LLC. With him on the brief was Hutchinson, Cox, Coons, Orr, & Sherlock, P.C.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Petitioners Paul Conte and Simon Trautman seek judicial review of a final order of the Land Use Board of Appeals (LUBA), affirming, in part, a decision by the City of Eugene (the city) to grant approval to Oakleigh Meadows Co-Housing, LLC (applicant) for a tentative planned unit development. In their first assignment of error on review, petitioners contend that LUBA erred in denying a motion by petitioner Trautman to intervene; they also raise two assignments of error as to the merits of LUBA's final order.[1] Because we agree with petitioners that LUBA erred in denying Trautman's motion to intervene, we reverse and remand LUBA's order on that basis. That disposition, in turn, obviates the need for us to address petitioners' other assignments of error.

We limit our discussion of the facts to those pertinent to our consideration of LUBA's denial of Trautman's motion to intervene. Those facts are undisputed. Applicant applied to the city for tentative planned unit development (PUD) approval for a multi-unit residential development on 2.3 acres of land zoned low-density residential. The city's hearings official held a hearing on the application. Trautman did not appear at the hearing but submitted written testimony in a letter opposing the development. The letter included an address on Oakleigh Lane, which is approximately 275 yards from the proposed development and is owned by Trautman's mother-in-law.[2] On November 12, 2013, the hearings official approved the application, subject

---

[1] Specifically, in their second assignment of error, petitioners contend that "LUBA Misconstrued the Requirements of [Eugene Code] 9.8320(5) and (6) and Failed to Enforce the Requirement for 'Safe and Adequate Transportation Systems' and to prevent a 'Significant Risk to Public Health and Safety.'" In their third assignment of error, petitioners contend that "LUBA Erred in Concluding that the City Had Imposed a Dedication for the Right-of-Way for the Portion of the Property Adjacent to the Proposed PUD that Satisfied the Requirements of [Eugene Code] 9.8320(5)(a)."

[2] In its brief on judicial review, applicant argues that Trautman did not identify his physical address in his letter testimony. However, the letter states, "We bought the residence at 109 Oakleigh Lane * * *." Indeed, the city eventually mailed notice of the city's decision to Trautman at that address. Applicant also asserts that Trautman was not living at the Oakleigh Lane address at the time, but was in Idaho. We fail to see—nor does applicant explain—the relevance of that fact to our analysis of petitioners' assignment of error.

to conditions. Trautman did not receive notice of the hearings official's decision, as required under Eugene Code (EC) 9.7335(1)(d) and ORS 227.173(4).[3] Others appealed the hearings official's decision to the Eugene Planning Commission. The commission held a public hearing and, on December 16, 2013, issued a final order affirming approval of the PUD with some modifications. Again, the notice of decision was not sent to Trautman, as required by EC 9.7685(1)(d)[4] and ORS 227.173(4), nor did Trautman receive notice of the public hearing.

On January 3, 2014, an association of neighbors and several individuals opposed to the development (neighbors) timely filed a notice of intent to appeal (or NITA) the commission's final order to LUBA and served copies of the notice pursuant to OAR 661-010-0015(2). OAR 661-010-0015(2) requires that, on or before the date the notice of intent to appeal is required to be filed with the board, it "shall be served on * * * all persons identified in the Notice as required by subsection (3)(f)." Subsection (3)(f), in turn, requires the notice of intent to appeal to identify, among others, "[a]ny other person to whom written notice of the land use decision or limited land use decision was mailed *as shown on the governing body's records.*" OAR 661-010-0015(3)(f)(D) (emphasis added). Trautman was not included among those served with neighbors' notice of intent to appeal.

Subsequently, the city discovered that it had failed to mail the notice of decision to everyone who had participated in the proceedings before the city, and, on February 4, 2014, the city mailed notice of the decision to the remaining people who were entitled to receive it, including Trautman.[5] In turn, on February 20, 2014, neighbors provided a certificate of service certifying that they had served a copy

---

[3] EC 9.7335(1)(d) provides that notice of a hearings official's decision must be mailed to "[a]ny group or individual who provided written or oral testimony prior to the close of the public comment period." ORS 227.173(4) provides that "[w]ritten notice of the approval or denial [of a permit application] shall be given to all parties to the proceeding."

[4] EC 9.7685(1)(d) provides that written notice of the planning commission's decision must be mailed to "[a]ny person who provided oral or written testimony in a timely manner during the hearing procedures."

[5] The city mailed the notice to Darian-Trautman at 109 Oakleigh Lane, the address provided in Trautman's testimony.

of their notice of intent to appeal on the additional parties whom the city had identified as having been mailed written notice of the decision (and who therefore were entitled to receive a copy under OAR 661-010-0015(3)(f)(D)), including Trautman. On March 11, 2014—within 21 days of being served with the notice of intent to appeal, but more than two months after the notice was filed with LUBA—Trautman moved to intervene on the side of neighbors in the appeal before LUBA.

Applicant opposed Trautman's motion to intervene on the ground that it was untimely under ORS 197.830(7), because it was filed more than 21 days after the notice of intent to appeal had been filed.[6] ORS 197.830(7) provides:

> "(a)  Within 21 days after a notice of intent to appeal has been filed with the board under subsection (1) of this section, any person described in paragraph (b) of this subsection may intervene in and be made a party to the review proceeding by filing a motion to intervene and by paying a filing fee of $100.

> "(b)  Persons who may intervene in and be made a party to the review proceedings, as set forth in subsection (1) of this section, are:

> "(A)  The applicant who initiated the action before the local government, special district or state agency; or

> "(B)  Persons who appeared before the local government, special district or state agency, orally or in writing.

> "(c)  Failure to comply with the deadline or to pay the filing fee set forth in paragraph (a) of this subsection shall result in denial of a motion to intervene."[7]

LUBA initially allowed the motion to intervene, relying on its decision in *Mountain West Investment Corp. v. City of Silverton*, 38 Or LUBA 932, 934 (2000), in which it had granted a motion to intervene that was filed after the 21-day deadline specified in ORS 197.830(7)(a), where the late filing

---

[6] The city did not oppose Trautman's motion to intervene.

[7] Similarly, OAR 661-010-0050(2) provides that "[a] motion to intervene shall be filed within 21 days of the date the notice of intent to appeal is filed pursuant to OAR 661-010-0015[.]"

was attributable to the petitioner's failure to serve a copy of the notice of intent to appeal on the applicant intervenor.

However, after applicant renewed its objection to Trautman's motion to intervene in its response brief, LUBA reconsidered its decision and, in its final order, denied Trautman's motion. LUBA found that "Trautman's late filing of his motion to intervene undoubtedly occurred because the city failed to initially mail notice of the decision to all persons who participated orally or in writing during the proceedings, and thus provided inaccurate and incomplete information to Neighbors about who should be served with a copy of the NITA under OAR 661-010-0015(3)(f)(D)." Nevertheless, LUBA concluded that ORS 197.830(7)(c) required it to deny Trautman's late-filed motion. As to *Mountain West Investment Corp.*, on which it had earlier relied, LUBA appeared to reason that, "[t]o the extent *Mountain West Investment* recognizes an exception to the statutory deadline for intervention," that exception is limited to a party who is the "applicant of record."

Petitioners now seek judicial review of LUBA's final order, first assigning error to LUBA's denial of the motion to intervene.[8] Petitioners challenge LUBA's construction of ORS 197.830(7), contending that it is "unlawful in substance." ORS 197.850(9)(a). We agree and, accordingly, reverse and remand.

Petitioners argue that LUBA incorrectly interpreted ORS 197.830(7) and that its ruling "is inconsistent with the policy governing LUBA review of land use decisions." In particular, they contend that the 21-day period for filing a motion to intervene under ORS 197.830(7) is triggered by a notice of intent to appeal under ORS 197.830(1) that is *properly filed*. And, petitioners assert, under OAR 661-010-0015(2), a properly filed notice of intent to appeal requires service of the notice on all parties who participated in the proceeding before the local government. Thus, it follows, in petitioners view, that, "[b]ecause the Notice of Intent to Appeal was not properly served on Mr. Trautman[] until

---

[8] In its final order, LUBA largely affirmed the city, remanding on one assignment of error only; in their second and third assignments of error here, petitioners renew several of the assignments of error that were rejected by LUBA. As noted, we do not reach those assignments.

February 20, 2014, the deadline for the motion to intervene was not triggered until that date." They further argue that that understanding is consistent with other relevant context, as well as the legislative history of the statute's enactment. Finally, petitioners argue that "[t]o affirm LUBA's decision would allow a LUBA appellant to prevent the participation of anyone else by simply not serving the NITA on the other parties who participated in the local proceeding," an "absurd" result that is "contrary to sound principles of judicial review."

For its part, applicant responds that "LUBA does not err by applying an unambiguous provision of law in accordance with the plain meaning of its text."[9] According to applicant, ORS 197.830(7) "makes clear that the deadline for filing a Motion to Intervene runs from the date the Notice of Intent to Appeal is '**filed** with the board' and not from the date of service of the Notice of Intent to Appeal on any parties," as petitioners assert. (Quoting ORS 197.830(7); boldface in applicant's brief.) In its view, ORS 197.830(7)(a) and (c) "establish a 21-day period for filing a motion to intervene that runs from the filing of the notice of intent to appeal, and impose a jurisdictional consequence for filing after the deadline"—denial of the motion. Applicant also contends that the legislative history of the enactment of ORS 197.830(7)(c) supports its reading of the statute. Further, according to applicant, the policy concerns raised by petitioners are merely speculative, because "other petitioners were responsible for serving Intervenor-Petitioner Trautman, and not his adversaries," and, in any event, "it is not appropriate to weigh any policy considerations where, as here, the language of the statute is clear in its material respects."

We agree with petitioners' construction of the statute. ORS 197.830(7)(a) provides:

"Within 21 days after a notice of intent to appeal has been filed with the board under subsection (1) of this section,[10] any person described in paragraph (b) of this sub-

---

[9] We reject without discussion applicant's contention that petitioners did not preserve this assignment of error. As was the case before LUBA, the city takes no position on the issue raised by this assignment of error.

[10] Subsection (1) of ORS 197.830 provides that "[r]eview of land use decisions or limited land use decisions under ORS 197.830 to 197.845 shall be commenced

section may intervene in and be made a party to the review proceeding by filing a motion to intervene and by paying a filing fee of $100."

Paragraph (b) of ORS 197.830(7), in turn, describes the persons who may intervene and be made a party to the review proceedings, including, as relevant here, "[p]ersons who appeared before the local government * * *, orally or in writing." ORS 197.830(7)(b)(B). Finally, paragraph (c) states that "[f]ailure to comply with the deadline * * * set forth in paragraph (a) of this subsection *shall* result in denial of a motion to intervene." (Emphasis added.) In applicant's view, the plain text of paragraph (c) is thus dispositive: Because Trautman filed his motion to intervene more than 21 days after the notice of intent to appeal was filed, LUBA was required to deny it.

Although that interpretation is certainly reasonable on its face—*see Webster's Third New Int'l Dictionary* 2085 (unabridged ed 2002) (defining "shall," in part, as "used in laws, regulations, or directives to express what is mandatory")— it fails to take into account the relevant statutory context. "We are not to determine the meaning of rules and statutes merely by analyzing their meanings in the abstract[.]" *Assoc. Unit Owners of Timbercrest Condo v. Warren*, 352 Or 583, 595, 288 P3d 859 (2012) (citing *Lane County v. LCDC*, 325 Or 569, 578, 942 P2d 278 (1997)). Rather, "[i]t is an elementary principle of statutory construction in this state that we examine the meaning of a phrase in its context." *Suchi v. SAIF*, 238 Or App 48, 54, 241 P3d 1174 (2010), *rev den*, 350 Or 231 (2011) (citations omitted).

The context of a statutory provision includes, among other things, other parts of the same statute and other related statutes. *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997). The "same statute" can refer to the same chapter in which a provision has been codified. *E.g., Morsman v. City of Madras*, 203 Or App 546, 561-62, 126 P3d 6, *rev den*, 340 Or 483 (2006); *see also Pine Ridge Park v. Fugere*, 252 Or App 456, 461, 287 P3d 1268 (2012), *rev den*, 353 Or 280 (2013) (considering the provisions of

by filing a notice of intent to appeal with the Land Use Board of Appeals."

ORS chapter 19 as relevant context for the interpretation of ORS 105.159(3), "even though the latter statute does not expressly refer to them").

Under those principles, the context of ORS 197.830(7) includes ORS 197.820, which provides, as relevant:

"(1) The Land Use Board of Appeals shall conduct review proceedings upon petitions filed in the manner prescribed in ORS 197.830.

"* * * * *

"(4) The board shall adopt rules governing:

"(a) The conduct of review proceedings brought before it under ORS 197.830 to 197.845."

ORS 197.820 thus requires LUBA (1) to conduct review proceedings on requests for review of land use decisions under ORS 197.830 and (2) to adopt rules governing the conduct of those proceedings. As mandated by subsection (4)(a), LUBA, in turn, adopted OAR 661-010-0015, which prescribes, among other things, requirements for the filing, service, and contents of the notice of intent to appeal under ORS 197.830. As to service, it provides, in part:

"The Notice shall be served on * * * all persons identified in the Notice as required by subsection (3)(f) of this rule on or before the date the notice of intent to appeal is required to be filed."

OAR 661-010-0015(2). Among the persons required to be identified in the notice is "[a]ny other person to whom written notice of the land use decision or limited land use decision was mailed as shown on the governing body's records." OAR 661-010-0015(3)(f)(D). The notice shall also contain "[p]roof of service upon all persons required to be named in the Notice." OAR 661-010-0015(3)(i).

Given that statutory context, the following becomes clear. As applicant correctly observes, under ORS 197.830(7)(a), it is the *filing* of the notice of intent to appeal that triggers the 21-day deadline to intervene. However, under OAR 661-010-0015, a notice of intent to appeal is only effectively filed as to a person required to be identified in the notice when that person has been served with the notice. The persons

required to be identified in the notice of intent to appeal are those who were mailed notice of the local government's decision, OAR 661-010-0015(3)(f)(D), which includes those who appeared before the local government. *See* EC 9.7685(1)(d) (set out at 269 Or App 179 n 4). In other words, understanding the statute and implementing rule together— that is, the text in context—the 21-day deadline triggered by the filing of a notice of intent to appeal encompasses service of the notice on the person seeking to intervene.[11]

We are not persuaded by applicant's arguments to the contrary. First, applicant contends that "a delay in service, under the statute, does not extend the deadline for filing a motion to intervene, any more that [*sic*] a delay in mailing notice of a final land use decision tolls the deadline for appealing that decision," citing *Wicks-Snodgrass v. City of Reedsport*, 148 Or App 217, 223, 939 P2d 625, *rev den*, 326 Or 59 (1997). *Wicks-Snodgrass*, however, is materially distinguishable.

In *Wicks-Snodgrass*, the question was whether LUBA had erroneously denied the city's motion to dismiss an appeal to LUBA for lack of jurisdiction, where the notice of intent to appeal the city's decision had not been filed within the time limit in ORS 197.830(8) (1997),[12] which required, "as a prerequisite to LUBA's jurisdiction, that a

---

[11] Petitioners also assert that other provisions of the land use scheme lend support to that reading of the statute, in particular, ORS 197.805 (providing that "[i]t is the policy of the Legislative Assembly that *** decisions [in matters involving land use] be made consistently with sound principles governing judicial review") and Goal One of the Statewide Land Use Planning Goals (requiring local governments to have "a citizen involvement program that insures the opportunity for citizens to be involved in all phases of the planning process"). We agree, to a point. *See DLCD v. Jackson County*, 151 Or App 210, 218, 948 P2d 731 (1997), *rev den*, 327 Or 620 (1998) ("Such expressions [of general policy] *can* serve as contextual guides to the meaning of particular provisions of the statutes or rules, as much as any other parts of the enactment can." (Emphasis in original.)). However, we are cautious not to place too much emphasis on statements of policy. *See Burke v. DLCD*, 352 Or 428, 441-42, 290 P3d 790 (2012) ("[A] statement of legislative findings, without more, is a slim reed on which to rest an argument that the operative provisions of a statute should be taken to mean something other than what they appear to suggest.").

[12] ORS 197.830(8) (1997) provided, in part, that "[a] notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final." The statute has been amended several times since *Wicks-Snodgrass* was decided, and that provision is now included in ORS 197.830(9).

notice of intent to appeal to LUBA from a local land use decision 'be filed not later than 21 days after the date the decision sought to be reviewed becomes final.'" 148 Or App at 219. In deciding that question, we considered, and ultimately overruled, our earlier decision in *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), in which we had held that an earlier version of the statute, ORS 197.830(7) (1985), must be read in conjunction with ORS 215.416(8) (1985), which required that written notice of the decision "be given to all parties to the proceeding." *Wicks-Snodgrass*, 148 Or App at 220, 224.[13] In *League of Women Voters*, we had reasoned, in part, "We do not think that the legislature intended to permit the nonperformance or delayed performance of that duty [to give notice of the decision to all parties to the proceeding] to defeat the possibility of a timely appeal from a county's land use decision." 82 Or App at 679-80. We thus held that, "in all LUBA cases to which ORS 215.416(8) applies, the decision becomes final for purposes of appealing to LUBA under ORS 197.830(7) only after the prescribed written notice of the decision is mailed or delivered personally to the party seeking to appeal." *Id.* at 681 (footnote omitted). In overruling *League of Women Voters* in *Wicks-Snodgrass*, we concluded that we had "given inappropriate weight to * * * policy considerations rather than to the language of the statute that we were required to interpret" and incorrectly relied on the notice provisions of other statutes "as support for the proposition that the time for appealing a local decision is tolled beyond the time that ORS 197.830(8) clearly specifies." *Wicks-Snodgrass*, 148 Or App at 223.

We note several salient differences here. First, and most significantly, applicant does not provide any support for the proposition that a motion to intervene, like the notice of intent to appeal at issue in *Wicks-Snodgrass*, is *jurisdictional*, and we are aware of none. At the time a motion to intervene is filed, LUBA necessarily has jurisdiction over the appeal pursuant to the timely filing of the notice of intent to appeal under ORS 197.830(1). *See* ORS 197.830(1)

---

[13] Both ORS 197.830 and ORS 215.416 have been amended several times since *League of Women Voters* was decided.

("Review of land use decisions or limited land use decisions under ORS 197.830 to 197.845 shall be commenced by filing a notice of intent to appeal with [LUBA]."); ORS 197.830(9) ("A notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final.").

Second, the legislature has, in ORS 197.820(4)(a), specifically directed LUBA to adopt rules for the "conduct of" proceedings under ORS 197.830, which we did not consider in *Wicks-Snodgrass*. And, as noted, those rules require service of the notice of intent to appeal on persons to "whom written notice of the land use decision or limited land use decision was mailed," OAR 661-010-0015(3)(f)(D), which, by virtue of EC 9.7685(1)(d), must include persons who appeared before the local government. Thus, *Wicks-Snodgrass* is not helpful.

Nor does the legislative history support applicant's reading of the statute. ORS 197.830(7)(c) was enacted as part of House Bill (HB) 2502 (1997), which also imposed the 21-day deadline for filing a motion to intervene in an appeal before LUBA. Or Laws 1997, ch 187, § 1. Before that enactment, the statute allowed motions to intervene as long as they were filed "[w]ithin a reasonable time" after the notice of intent to appeal was filed. ORS 197.830(6)(a) (1995).[14]

As originally proposed, HB 2502 simply imposed the 21-day deadline; it did not include subsection (c). At a public hearing, the proponent of HB 2502 testified that the purpose of the bill was to establish a time limit for people to decide whether they wanted to intervene to avoid the successive raising of issues, which, in turn, would increase the incentive to mediate disputes before LUBA. Tape Recording, House Committee on Environment and Energy, HB 2502, Mar 17, 1997, Tape 36, Side A (statement of Rep Brian Johnston). At that hearing, Christine Cook, a staff attorney with 1000 Friends of Oregon, raised a concern that the 21-day deadline might be "flexibly enforced" by LUBA and suggested that, if it is intended to be a "hard and fast deadline," the bill should make clear that "failure to comply with this deadline is not

---

[14] At the time, the statute referred to a "petition for review" rather than a notice of intent to appeal.

a technical violation but would preclude intervention by the parties seeking to do so." *Id.* (statement of Christine Cook). In her written testimony before the committee, in which she made the same suggestion, Cook referred, as an example, to a case in which a motion to intervene was allowed, even though it was filed "four months after the notice of intent to appeal was filed, several days after the respondent's brief was filed, and one week from oral argument." Testimony, House Committee on Environment and Energy, HB 2502, Mar 17, 1997, Ex A (statement of Christine Cook). In support of her suggestion to amend the bill, she expressed concern that "[m]any deadlines in LUBA appeals are flexible" and commented that "[a] late intervenor can act as a spoiler in mediation proceedings, and can also significantly change the nature, number and intensity of legal arguments in a LUBA appeal, at a time when it is difficult for other parties to respond." *Id.* The bill was eventually amended to include the requirement, now codified at ORS 197.830(7)(c), that "[f]ailure to comply with the deadline * * * shall result in denial of a motion to intervene." Thus, although the legislative history supports the notion that the legislature intended to establish a "hard and fast" deadline, it does not address the question raised here—*viz.*, the import of "filing" for the purpose of the commencement of that deadline in light of LUBA's rules on service of a notice of intent to appeal.

We conclude that a notice of intent to appeal is effectively filed, for purposes of determining the timeliness of a motion to intervene under ORS 197.830(7) by a person required under OAR 661-010-0015(2) to be served with the notice, on the date of that service. Here, Trautman was among the persons required to be served with the notice of intent to appeal because he provided written testimony before the city. He was served with the notice on February 20, 2014. Thus, as to Trautman, the notice of intent to appeal was effectively filed on that date. Trautman filed his motion to intervene on March 11—within 21 days of February 20. Accordingly, it was timely, and LUBA erred in denying his motion.

Reversed and remanded.