Argued and submitted April 28, reversed and remanded June 29, 2022

Sean McCORQUODALE,
*Plaintiff-Appellant,*
*v.*

OXFORD HOUSE, INC.,
a foreign corporation,
*Defendant-Respondent,*
*and*

OXFORD HOUSES OF OREGON,
an Oregon nonprofit corporation, and
Andrew Pankevitch,
*Defendants.*

Multnomah County Circuit Court
17CV52798; A173021

514 P3d 1189

Plaintiff brought a civil action for damages against defendant, which was transferred to the court's arbitration program. The arbitrator decided in plaintiff's favor and awarded fees and costs to plaintiff. The arbitrator filed the arbitration award with an inaccurate certificate of service, which stated that the arbitrator had served counsel for the parties by mail, when he had used email instead. Though defendant admitted receiving the arbitration award by email, it waited to receive a copy of the award by mail before filing a notice of appeal, and then filed the notice more than 20 days after the arbitrator had filed the award. Plaintiff argued that the notice was untimely and moved for entry of judgment. The trial court denied plaintiff's motion and permitted defendant to appeal the award. On appeal, plaintiff raises four assignments of error, all related to his contentions that (1) the trial court erroneously concluded either that defendant's notice of appeal of the arbitration award was timely or that defendant had established good cause for an enlargement of the time to file the notice and (2) the court erred by refusing to enter judgment in his favor based on the arbitration award. *Held*: The Court of Appeals concluded that the trial court erred in its determination that defendant's notice of appeal was timely. The trial court also abused its discretion in enlarging defendant's time to file its notice of appeal.

Reversed and remanded.

Melvin Oden-Orr (Trial Court Judge).

David F. Rees (Order dated March 20, 2019).

Anne Berryhill Witte argued the cause and filed the brief for appellant.

Harry Ainsworth argued the cause and filed the brief for respondent.

Before Powers, Presiding Judge, and Hellman, Judge, and Nakamoto, Senior Judge.

NAKAMOTO, S. J.

Reversed and remanded.

## NAKAMOTO, S. J.

Plaintiff Sean McCorquodale brought a civil action for damages against defendants Oxford House, Inc. (OHI) and Andrew Pankevitch. Following the trial court's transfer of the case to the court's arbitration program, the arbitrator decided in plaintiff's favor and against OHI on the merits and then awarded fees and costs to plaintiff. The arbitrator filed the arbitration award with a certificate of service with the Multnomah County Circuit Court. But the certificate of service was inaccurate, including by stating that the arbitrator had served counsel for the parties by mail, when he had used email instead. The trial court denied plaintiff's motion for entry of judgment based on the arbitration award and permitted OHI to appeal the award, over plaintiff's objection that OHI's notice of appeal and request for a trial *de novo* was untimely. Ultimately, OHI prevailed in the trial court.

On appeal, plaintiff raises four assignments of error, all related to his contentions that (1) the trial court erroneously concluded either that OHI's notice of appeal of the arbitration award was timely or that OHI had established good cause for an enlargement of the time to file the notice and (2) the court erred by refusing to enter judgment in his favor based on the arbitration award. We conclude that the trial court erred in concluding that OHI's notice of appeal was timely and that the court abused its discretion in enlarging OHI's time to file its notice of appeal. We therefore reverse the judgments in favor of OHI and remand for entry of judgment in favor of plaintiff and against OHI on the arbitration award.

## I.   BACKGROUND AND PROCEDURAL FACTS

The procedural history of this action, which is not contested, is central to the issues presented on review. The action arose after plaintiff rented, and then lost possession of, a room and shared common areas in a Portland house known as Reedway Oxford House. Plaintiff brought this action against OHI and Pankevitch, alleging that he had paid all rent due, that defendants unlawfully had locked him out of the house after serving him with a notice of

termination of the tenancy, and that he was forced to live in his car for months afterward. In his first claim under the Oregon Residential Landlord and Tenant Act (ORLTA), he sought economic and noneconomic damages and alleged a right to attorney fees under ORS 90.255. Plaintiff alleged in his second claim that defendants had violated a provision of the Portland City Code and sought damages and a sum for relocation assistance, plus his attorney fees. Defendants admitted that plaintiff had lived at the house for over two years, that Pankevitch had mailed a notice of termination to plaintiff, and that plaintiff had made a payment in April 2017, but they denied all other allegations.

Because the amount in controversy was less than $50,000, the case was subject to mandatory court arbitration. *See* ORS 36.400(3) (each circuit court shall require arbitration under ORS 36.400 to 36.425 in matters involving $50,000 or less). The court appointed an arbitrator, who held a hearing in November 2018. The arbitrator concluded that plaintiff was entitled to an award against OHI but that Pankevitch was entitled to an award against plaintiff and, on November 26, 2018, emailed a letter to counsel for the parties that explained his decision. The arbitrator concluded that OHI was plaintiff's landlord and had unlawfully excluded him from Reedway Oxford House in violation of the ORLTA and the Portland City Code. He awarded plaintiff actual damages under state law and an additional sum for damages and relocation assistance provided by the Portland City Code. The arbitrator concluded the letter by setting out a schedule for requests for attorney fees and costs.

On December 13, 2018, the arbitrator emailed counsel two documents: an arbitration award and a letter explaining his decision to award plaintiff his requested fees and costs and to award Pankevitch some of his requested costs. The December letter stated that "the final award in favor of plaintiff on his claims against [OHI] and in favor of [Pankevitch] on plaintiff's claims against him" was attached. The arbitrator concluded by stating that his work was complete and that he would "prepare and file the final award today." The award also contained a notice indicating how to appeal the award, including the time within which the appeal must be filed. The notice quoted ORS 36.425(2)(a),

which provides in part that, "[w]ithin 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact."

The trial court's case register reflects that the arbitrator filed the arbitration award on December 13, 2018. Defendants did not file and serve a notice of appeal and request for a trial *de novo* that month or in January 2019.

On January 24, 2019, the arbitrator filed the Arbitrator's Time Report, a form stating that it "must be filed with the Award/Settlement Notice and served upon the parties." Attached to the report were copies of the arbitration award, the November letter decision on the merits, and the December letter decision on fees and costs (reflecting a court date stamp of December 13, 2018, on the first page of the award).

Eighteen days later—and almost two months after the arbitrator had filed the arbitration award—on February 11, 2019, OHI attempted to file a notice of appeal of the award and request for a trial *de novo*. And on February 14, plaintiff filed a motion for entry of judgment on the arbitration award, asserting that no timely appeal had been filed as required by ORS 36.425 and the Uniform Trial Court Rules, that email service of the arbitration award on OHI's attorney was sufficient under ORCP 9 G (providing that, unless a party's attorney is exempted from service by email by court order, "service may be made by means of e-mail"), and that plaintiff was entitled to judgment. The trial court had not exempted OHI or its lawyer from service by email.

On February 26, 2019, the trial court held a hearing on plaintiff's motion for entry of judgment. At the hearing, OHI raised, and the court focused on, the question of whether OHI should be able to appeal the arbitration award in view of the timing of its notice of appeal. The court directed questions to counsel for OHI, who acknowledged receiving

the November letter by email and then the December letter and the arbitration award by email. He also acknowledged that he could have checked to see whether the arbitration award had been filed with the court. But, counsel for OHI explained, because the certificate of service he received had stated that the arbitrator would mail the arbitration award, he had waited to receive a copy of the award by mail. Plaintiff's counsel argued that, regardless of the incorrect statement in the certificate of service about mailing, plaintiff was entitled to judgment because OHI's lawyer was served by email, a valid form of service, and OHI's lawyer actually had received the decision letters and the arbitration award and thus had proper notice of the arbitration award's filing.

During the hearing, the trial court explained its reluctance to have the case resolved on a technicality after "some confusion not entirely the making" of OHI concerning the service of the arbitration award. The court concluded that OHI had made a showing of "good cause" for more time to file the notice and directed OHI's lawyer to prepare the order. The trial court did not explain the source of its authority to enlarge the time to appeal on a showing of good cause. In response to an inquiry by OHI's counsel about whether the order could direct the arbitration clerk to accept and file the notice of appeal and request for trial *de novo* as of the date counsel had submitted it, the court told the parties that it would call the arbitration clerk to take care of that issue.

After the hearing, the trial court entered an order on March 20, 2019, allowing OHI's notice of appeal and request for trial *de novo*. The court's order contained two determinations, without factual findings: that (1) service of the arbitration award "was not effective until January 24, 2019," and (2) the notice of appeal and request for trial *de novo* "was timely filed." As a result, the court denied plaintiff's motion for entry of judgment on the award and ordered the matter to be set for trial.

OHI prevailed at a bench trial before a different judge. The trial court entered a judgment dismissing the action against OHI with prejudice and entered a separate judgment in favor of Pankevitch pursuant to the arbitration

award. The court later entered a supplemental judgment awarding OHI its attorney fees and costs.

## II.  ANALYSIS

Plaintiff now appeals from the judgment in favor of OHI that dismissed the action with prejudice. Through four assignments of error, plaintiff asserts that the trial court should have entered judgment on the arbitration award rather than giving effect to OHI's notice of appeal and request for trial *de novo*. Plaintiff assigns error as follows: First, the trial court erred when it concluded that OHI had shown "good cause" for "extra time" to file the notice of appeal. Second, the court erred in its determination, reflected in the order, that "service of the arbitration award by the arbitrator was not effective until mailing on January 24." Third, the court erred "when it impliedly held that the special 20-day period for filing a notice of appeal and request for trial *de novo* did not begin until completion of *service* of the arbitration award." And fourth, the court erred by denying plaintiff's motion for entry of judgment on the award.

Whether the court erred by denying plaintiff's motion depends on whether the court properly gave effect to OHI's notice of appeal. Our analysis therefore centers on plaintiff's challenge to the trial court's decision to allow OHI to appeal.

## A.  *Alternative Rulings*

Initially, we note a conflict between the court's statements at the hearing on plaintiff's motion and the court's order entered over three weeks later denying the motion. The court in colloquy at the hearing stated that it concluded that OHI had shown "good cause" for additional time to file its notice of appeal of the arbitration award, implicitly concluding that OHI's notice of appeal otherwise would have been late. The court asked OHI's lawyer to prepare the order and explained that it should say "[t]hat the notice of appeal filed on whatever date should be accepted and served, and that it is timely. That there was confusion in the service of the arbitration award, and that you're filing the notice of appeal as timely." But the court's order reflects a different basis for denying plaintiff's motion.

In its order, the court's basis for denying the motion is that service of the arbitration award "was not effective until January 24, 2019" and that the notice of appeal and request for trial *de novo* "was timely filed." Thus, the court rested its ruling on a determination that the 20-day period for filing the notice of appeal was not triggered in December 2018 when the arbitrator emailed the arbitration award and filed it in the trial court with the certificate of service but, rather, was triggered in January 2019. Perhaps out of an abundance of caution, plaintiff treats the trial court's statements at the hearing as a separate ruling, and OHI also relies on those statements, arguing that the court had discretion to enlarge the time to appeal.

Typically, to determine the nature of the trial court's ruling in case of conflicting statements at a hearing and in an order, we look to the order that the court entered. *See Bank of Oregon v. Independent News*, 298 Or 434, 446, 693 P2d 35 (1985) (holding that, after the defendants opposed the plaintiffs' motion to amend the complaint on two grounds—timeliness and legal sufficiency of the proposed amendment—but, upon the defendants' request, the trial court entered an order denying the motion based solely on legal sufficiency, the order controlled the extent of the court's ruling); *State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974) (holding that the court's written order controlled over court's statements made at hearing). Thus, the trial court's ultimate ruling on the motion in this case was based on its conclusion that OHI's notice of appeal was timely filed in February because the arbitrator's service of the arbitration award was not effective until January 24, the date that the arbitrator filed his time report, including a copy of the arbitration award and his November and December decision letters.

But on appeal, both parties treat the court's conclusion at the hearing as an independent alternative basis for denying plaintiff's motion for entry of judgment. Accordingly, we also treat it as an alternative basis for the ruling. Because OHI's February notice of appeal and request for a trial *de novo* was not timely, as we next discuss, we also consider the alternative "good cause for extension of time" basis for denying plaintiff's motion for entry of judgment.

B. *What Triggered the Time for Filing a Notice of Appeal to Begin*

In its order denying plaintiff's motion for entry of judgment on the arbitration award, the trial court determined that the service of the arbitration award "was not effective until January 24, 2019," with the implication that the time for filing the notice of appeal began running on that date, making OHI's attempted filing of its notice of appeal on February 11 timely, as the court determined. That determination is a conclusion of law, which we review for legal error. *Buell v. Buell*, 366 Or 553, 564, 466 P3d 949 (2020). We conclude that the trial court erred as to what ORS 36.425(1) requires before the time period for filing a notice of appeal of an arbitration award begins to run.

Both parties focus on whether the inaccuracy of the arbitrator's certificate of service matters. OHI contends that a proof of service that is "materially inaccurate" fails to constitute the "proof of service" required by ORS 36.425(1) to trigger the 20-day deadline to appeal and that the certificate of service was inaccurate by describing service of three documents on December 13 by mail (the award and the two decision letters) when he received only two documents (the award and the decision letter concerning fees and costs) by email on that date. OHI argues that service, and therefore filing, was not complete until the arbitrator filed his January 24 Arbitrator's Time Report, with attached copies of the arbitration award and the two decision letters.

In contrast, plaintiff argues that the terms of the statute were fulfilled when the arbitrator filed the arbitration award with a proof of service on December 13 and apprised OHI that he was filing his December 13 arbitration award on that date. In plaintiff's view, the trial court's determination elevates form over substance.

The issue presented is one of statutory construction. Although they differ, both parties' interpretations rest on the text of ORS 36.425(1), without examination of the statute's context or legislative history. However, we are obligated to determine the proper meaning of statutes, whether the parties fully flesh out the analysis or not. *State v. Hackett*, 315 Or App 360, 366, 502 P3d 228 (2021), *rev den*, 369 Or 338

(2022). Thus, we construe the statute in accordance with *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), which instructs that the appropriate methodology for interpreting a statute is to examine statutory text and context, to consider legislative history when it appears useful to the analysis, and, if the statute remains unclear after those steps, to resort to general maxims of statutory construction, all in service of discerning the legislature's intent.

As applicable here, the first three subsections of ORS 36.425 provide:

"(1)   At the conclusion of arbitration under ORS 36.400 to 36.425 of a civil action, *the arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party.* If the decision and award require the payment of money, including payment of costs or attorney fees, the decision and award must be substantially in the form prescribed by ORS 18.042.

"(2)(a)   *Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action* in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury.

"* * * * *

"(3)   If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the court shall cause to be prepared and entered a judgment based on the arbitration decision and award. A judgment entered under this subsection may not be appealed."

(Emphases added.) The original statute was implemented in 1983 and renumbered in 1989. *See* Or Laws 1983, ch 670, § 6; *former* ORS 33.400 (1983), *renumbered as* ORS 36.425

(1989). Amendments to ORS 36.425 since then have not changed the above-emphasized phrases. *See* Or Laws 1995, ch 455, § 3; Or Laws 1995, ch 618, § 14a; Or Laws 1995, ch 658, § 34; Or Laws 1997, ch 756, §§ 1, 2; Or Laws 2003, ch 576, § 170; Or Laws 2019, ch 605, § 25.

By its terms, ORS 36.425(2)(a) requires a party that wishes to appeal to file a written notice of appeal and request for a trial *de novo* "[w]ithin 20 days after the filing of a decision and award with the clerk of the court under subsection (1)." And ORS 36.425(1), in turn, requires the arbitrator to "file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party."

The interpretive question is whether the arbitrator's December 13 proof of service constituted "proof of service of a copy of the decision and award" in accordance with ORS 36.425(1) that triggered the 20-day period for appeal provided in ORS 36.425(2)(a). A straightforward reading of the text indicates that the award's filing with a certificate of service starts the time running. Here, under that reading, the arbitrator satisfied the requirement in ORS 36.425(1), because, on December 13, the arbitrator did file in the trial court the award and the two decision letters, accompanied by a certificate of service describing service of the documents on counsel for the parties. The text does not support OHI's view of ORS 36.425(1), which would require a court to disregard service of the award and decision letters, which the party's attorney received, in favor of an accuracy requirement pertaining to details in the certificate of service that is not expressed.

We next consider context. The express requirement in ORS 36.425(1) for an award to be filed "together with" proof of service suggests that the legislature intended the period for filing a notice of appeal to start running only if the arbitrator submitted proof to the court that the party against whom relief was awarded in the arbitration was served with the filed arbitration award and decision. That understanding of the requirement is consistent with the filing of the arbitration award in *Old Republic Surety Co. v. McIlwain*, 115 Or App 615, 839 P2d 743 (1992). Even though

the defendants who sought to appeal the arbitration award in that case maintained that they had never received a copy of the arbitration award (but had received an earlier decision letter), we concluded that, because the arbitrator had fulfilled the filing and proof of service requirement in ORS 36.425(1), the time for filing the notice of appeal started running when the award was filed with the court. *Id.* at 617.

We recognize, however, that *Old Republic Surety Co.* did not involve a proof of service that, on its face, contained inaccuracies. And OHI contends that, in cases of other deadlines triggered by court filings, we have recognized that an inaccurate proof of service provides grounds for disregarding the filing. For that argument, OHI relies on a case involving the ORLTA, *American Property Management Corporation v. Nikaia*, 230 Or App 321, 215 P3d 906 (2009), and a land use case, *Oakleigh-McClure Neighbors v. City of Eugene*, 269 Or App 176, 344 P3d 503 (2015). But what mattered in both of those cases was not inaccuracy in the proof of service but, rather, whether the intended recipient of a notice either would not or did not get notice as required by law.

In *Nikaia*, the issue concerned whether the landlord was permitted to serve the tenant by posting and mailing its notice of eviction. By statute, the landlord was permitted to use that method of service only if the landlord had provided the tenant a reciprocal right to use that method for serving notices by designating the landlord's address for mailing and posting notices in the lease. 230 Or App at 325. We concluded that the lease—which did not contain an address where the landlord would receive its mail—did not provide the required address, because the legislature would not have intended "a meaningless or futile exercise in which tenants mail notice to locations where the landlord will not receive that notice." *Id.* at 326.

The dispositive issue in *Oakley-McClure Neighbors* turned on whether and when the petitioners had received a notice of intent to appeal that triggered the time period for filing their motion to intervene in a matter before the Land Use Board of Appeals pursuant to ORS 197.830(7) (providing that within 21 days "after a notice of intent to appeal has been filed with the board," a person who participated in the

local proceedings can file a motion to intervene and be made a party). 269 Or App at 182-83. The City of Eugene, the local government that had approved the housing development at issue, was required but failed to provide the association of neighbors who challenged the decision with a complete list of those who had participated in local proceedings. *Id.* at 181. As a result of that error, the neighbors served those on the city's list but did not serve the petitioners with their notice of intent to appeal when they filed it, and the 21-day period to intervene elapsed before the petitioners received notice of the appeal. *Id.* We agreed with the petitioners that, because an implementing rule required the notice of intent to appeal to contain proof of service "upon all persons required to be named" in the notice, "a notice of intent to appeal is only effectively filed as to a person required to be identified in the notice when that person has been served with the notice." *Id.* at 184. We concluded that the filing of the notice of intent to appeal was effective as to the petitioners on the date they were served with the notice, making their motion to intervene timely. *Id.* at 188.

In short, those cases do not support the broad rule that OHI contends controls in this case. Instead, both cases turned on giving effect to the purpose for the legislature's requirement of service: notice to the party.

As for legislative history, the parties have presented none, and we have found no legislative history that contravenes our understanding of the text and context of ORS 36.425(1). Rather, insofar as the legislative history provides any indication of what the legislature intended for appeal procedures under ORS 36.425, it suggests that the legislature modeled its procedures on a pilot arbitration program in the Multnomah County Circuit Court and designed the process with a priority on the speedy resolution of cases subject to mandatory arbitration, both of which lend some support to our reading of ORS 36.425(1).

In 1983, the Commission on the Judiciary Branch brought a "litigation costs and delay" package before the legislature, including a bill to establish a statewide mandatory arbitration program, House Bill (HB) 2361 (1983), which was modeled on Multnomah County's 1982 pilot

arbitration program. Multnomah County's arbitration program required the arbitrator to file the award "with proof of service of a copy on each party" to initiate the period for filing notice of appeal. Exhibit B, House Committee on Judiciary, Subcommittee 2, HB 2361, Jan 25, 1983 (testimony of Judge Robert E. Jones). A functionally identical filing requirement is found in ORS 36.425(1) ("[T]he arbitrator shall file the decision and award with the clerk of the court that referred the action to arbitration, together with proof of service of a copy of the decision and award upon each party.").

As one witness explained, HB 2361 was designed to address litigation costs and delay:

> "Bring[ing] some control to litigation cost and delay [should be a priority]. And when I talk of cost I'm not talking just about system cost. *** I'm talking about cost not just for the system but for the litigants. *** People cannot afford to engage in litigation in the fashion that much of it now is carried on. And the same thing with delay. *Delay is the enemy of any kind of fair adjudication process.*"

Tape Recording, House Committee on Judiciary, HB 2361, Jan 25, 1983, Tape 30, Side A (statement of Barnes Ellis) (emphasis added). And, during the hearings on HB 2361, multiple parties expressed concerns about potential pitfalls or abuses of the arbitration program, including the possibility that better-resourced parties could use arbitration as a tool to conduct discovery before requesting a trial *de novo*. Tape Recording, House Committee on Judiciary, Subcommittee 2, HB 2361, Jan 25, 1983, Tape 32, Side B (general discussion). Those concerns suggest that the legislature was aware of the need to ensure a promptly held arbitration and a quick turnaround to reach a trial *de novo* when a party wished to appeal, without permitting parties to manipulate the system to build their cases in anticipation of that trial. A reasonable inference is that the 20-day period for filing a notice of appeal after an arbitration award is filed, as provided by ORS 36.425(2)(a), was intended to address litigation costs and the timeliness of arbitration and any trial *de novo*. Based on our review of the text in context and legislative history, we hold that the time for filing a notice of appeal from an arbitration award filed under ORS 36.425(1) begins to run upon the arbitrator's filing of the award and decision, along with proof

of service, so long as the party seeking to appeal received actual notice that the arbitrator would be filing the award and decision with the court.

Applying that holding in this case, the filing requirement of ORS 36.425(1) was met on December 13, and the time to appeal started running on that date. Despite the inaccuracy of the certificate of service as to the manner of service and the date that the arbitrator had emailed the November decision letter to counsel, it is undisputed that (1) the arbitrator did file a proof of service with the award that reflected that, on December 13, the arbitrator had notified OHI of the filing of the award and the decision letters; (2) the arbitrator had emailed copies of those documents to counsel; and (3) OHI's counsel received those copies by email when the arbitrator issued them (the merits decision in November and the award and fees and costs decision in December). The trial court erred by concluding that OHI's February notice of appeal was timely filed.

C.  *Good Cause for Extending the Time to File*

Turning to the trial court's alternative basis for denying plaintiff's motion for entry of judgment on the arbitration award, we address plaintiff's first assignment of error challenging whether OHI nevertheless established good cause for extension of the time to file the notice of appeal and request for a trial *de novo*. The parties differ on the standard of review. OHI asks us simply to apply an "abuse of discretion" standard of review to the court's "good cause" determination. Plaintiff argues that the trial court's reasoning was legally erroneous and that, as a result, the court did not properly exercise discretion to enlarge the time to appeal.

Although we apply an "abuse of discretion" standard to the court's exercise of its discretion, *see, e.g., Old Republic Surety Co.*, 115 Or App at 618 (reviewing trial court's order setting aside a judgment entered on an arbitration award for abuse of discretion), that standard of review may involve review of subsidiary legal error, as we recently explained in *C. R. v. Eugene School Dist. 4J*, 308 Or App 773, 777-78, 481 P3d 334 (2021):

"'Discretion' refers to the trial court's authority 'to reach a decision that falls within a permissible range of legally correct outcomes.' *State v. Harrell/Wilson,* 353 Or 247, 254, 297 P3d 461 (2013). A trial court abuses its discretion if it makes a decision that is 'guided by the wrong substantive standard,' or that is 'based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support.' *Espinoza v. Evergreen Helicopters, Inc.,* 359 Or 63, 116-18, 376 P3d 960 (2016)."

We therefore turn to plaintiff's argument that the court's exercise of its discretion was predicated on legal error and, as a result, the court abused its discretion.

We first pinpoint the source of the trial court's authority to enlarge the time to appeal to inform our analysis of whether the trial court committed a predicate legal error. OHI argues that the trial court acted within its discretion and authority under ORCP 15 to enlarge the time for filing and to allow the notice of appeal based on OHI's showing of good cause, that is, that OHI was confused concerning the manner of service of the arbitration award. Under ORCP 15 D, a court "may, in its discretion, and upon any terms as may be just, allow any pleading to be made, or allow any motion * * * after the time limited by the procedural rules." In plaintiff's view, however, the trial court implicitly exercised discretion to prevent entry of judgment on the award by virtue of its authority under ORCP 71 B(1)(a). Under that rule, a court may grant a motion to set aside a judgment taken against a party through its "mistake, inadvertence, surprise, or excusable neglect." We decide the issue presented: Under which rule of civil procedure did the trial court act?[1]

Likely, the trial court relied on ORCP 15 D—not ORCP 71 B—to extend OHI's time to file a notice of appeal based on good cause. Considering that no judgment on the arbitration award was entered and OHI did not file a motion seeking relief from a judgment under ORCP 71 B, the trial court was not alerted to potential application of ORCP 71 B. Nor did the court refer to the bases for relief in ORCP 71 B

---

[1] Plaintiff does not argue that, because a statute provides the time for an appeal, the circuit court lacked authority to enlarge the time under the Oregon Rules of Civil Procedure.

or otherwise indicate that it was acting under that rule. Rather, the court's determination that OHI had shown good cause for more time to file its notice is more consistent with the terms of ORCP 15 D, which provides a court with discretion to allow late pleadings or motions.[2] Although the trial court did not identify the source of its authority, the court referred to its preference not to decide cases on technicalities, presumably procedural in nature, and thus appears to have acted under the authority of ORCP 15 D.

Assuming that ORCP 15 D provided the trial court with authority to extend the time for OHI to file its notice of appeal based on a showing of good cause, we address plaintiff's argument that the trial court was bound to enter judgment on the arbitration award—and could not properly conclude that OHI had shown good cause to enlarge the time to appeal—by virtue of *Old Republic Surety Co.* and another of our cases and OHI's knowledge that the arbitrator had stated that he was filing the award on December 13.

Before examining those cases in detail, we address two preliminary issues. First, we reject OHI's contention that plaintiff did not preserve his argument. OHI contends that plaintiff's arguments at the hearing were insufficient to alert the court to his contention that good cause was not established as a matter of law. We agree with plaintiff, however, that, through his motion for entry of judgment on the award and argument at the hearing, he made his position plain: that the court was obligated to enter judgment on the award because the time limit of 20 days to file a notice of appeal from the filing of the arbitration award, prescribed by ORS 36.425, had run and OHI's excuse for not timely filing its notice—confusion about service—was insufficient in view of OHI's knowledge, through acceptable email service of a copy of the arbitration award, that the arbitrator was filing the award with the court on December 13. Although plaintiff admittedly did not cite the two cases that he urges us to follow on appeal, plaintiff argued to the trial court that it should reject OHI's rationale for filing its notice of

---

[2] The fit is not exact, because the court has discretion to allow a pleading or motion "after the time limited by the procedural rules," ORCP 15 D, but plaintiff does not rely on that phrase to argue that the court lacked authority to extend the statutory time period for OHI to file its notice of appeal.

appeal well beyond 20 days from the date the arbitration award was filed, given that OHI was aware that the award was being filed. And, the trial court inquired about and confirmed with OHI's lawyer that, regardless of his explanation that he was waiting for a mailed copy of the award, OHI had received the award by email and could have confirmed that the arbitrator had indeed filed the award on December 13. The purposes of preservation were met in this case, OHI was not misled or deprived of an opportunity to develop the factual record, and plaintiff presented an argument to the trial court like the one he presents to us on appeal. *See generally Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court.").

Second, to clarify the issue before us, we note that neither party provides any argument about the nature of the standard for relief provided in ORCP 15 D, "upon any terms as may be just." Instead, both parties assume that the standard amounts to "good cause" and contest whether that standard was met. In view of how the parties litigated this issue, we are not presented with an occasion to construe ORCP 15 D, with a full analysis of the text, context, and the history of the rule, to discern the intent of the Council on Court Procedures, which promulgated the rule. *See A. G. v. Guitron*, 351 Or 465, 479, 268 P3d 589 (2011) (describing analysis).[3] As presented to us, the question is whether the trial court committed legal error by determining that OHI

---

[3] However, we note that the initial comment to ORCP 15, which was promulgated by the Council on Court Procedures in 1978, states that section D was "based on ORS 16.050." *Former* ORS 16.050 (1977), *repealed by* Or Laws 1979, ch 284, § 199, in effect when the Oregon Rules of Civil Procedure were promulgated and then adopted by the legislature to become effective January 1, 1980, contained the same standard in ORCP 15 D. The statute provided that a court "may, in its discretion, and *upon such terms as may be just*, allow an answer or reply to be made, or other act to be done after the time limited by the procedural statutes, or by an order enlarge such time." (Emphasis added.) And we are aware of at least one case, *Meury v. Jarrell*, 16 Or App 239, 517 P2d 1221, *aff'd*, 269 Or 606, 525 P2d 1286 (1974), that is consistent with the assumed understanding of the parties that the standard is essentially good cause. The court in *Meury* described the standard in *former* ORS 16.050 (1977) as requiring "good reason" for an exercise of discretion. 16 Or App at 244.

had established good cause for enlargement of the time to file its notice of appeal.

We turn to the merits of plaintiff's contention that, because OHI received service and knew about the arbitrator's filing of his arbitration award, we should follow *Old Republic Surety Co.* and *Green Seasons Turf v. Shiva's Restaurant Corp.*, 125 Or App 227, 864 P2d 1345 (1993), to hold that the trial court did not and could not properly enlarge the time for OHI to file its notice of appeal. The ruling at issue on appeal in *Old Republic Surety Co.* was the trial court's order granting a party's motion for relief from a judgment entered on an arbitration award. And in *Green Seasons Turf*, the trial court denied a party's motion for relief from a judgment entered on an arbitration award. Thus, neither case concerned enlargement of time under ORCP 15 D, and neither case is directly on point, as OHI correctly argues. Plaintiff, however, argues that, by analogy, the cases are relevant and control the outcome on appeal. Ultimately, we are persuaded by the reasoning in both cases.

In *Old Republic Surety Co.*, as in this case, an arbitrator decided the matter after it was transferred to the court's arbitration program. 115 Or App at 617. The arbitrator sent a written decision in the plaintiff's favor to the parties' attorneys on September 24 and filed the arbitration award in the trial court on October 16, along with a certificate of service on the parties. *Id.* We explained that, under ORS 36.425, "[w]hen a court-annexed arbitration award is filed with the court, together with proof of service on every party, any party seeking a trial *de novo* must file a written notice of appeal within 20 days." *Id.* The defendants did not file their notice of appeal from the award until November 9, more than 20 days after the award was filed. *Id.* The defendants' lawyer testified that he had not received a copy of the arbitration award, but the trial court found that the notice of appeal was not timely filed and entered a judgment on the arbitration award. *Id.* The defendants then filed a motion to set aside the judgment under ORCP 71 B, which the trial court granted. *Id.* at 618.

On appeal, the plaintiff argued that the trial court had no basis for setting aside the judgment and had abused

its discretion. *Id.* Agreeing with the plaintiff, we reversed and remanded with instructions to reinstate the judgment. *Id.* at 620. We addressed and rejected the defendants' excuse for the late filing—that their lawyer had not received a copy of the arbitration award—as legally insufficient to provide grounds for relief, explaining that,

> "[a]lthough defendants may not have received a copy of the award, there is no indication that they were misled as to the date when the award was filed. They knew of the arbitrator's decision and could have inquired of the court clerk regarding the filing date. Instead, they failed, for more than 40 days after they were notified of the decision, to take any action whatsoever on the matter."

*Id.* at 618-19. We concluded that, if the defendants had wanted to appeal the award, "it was their obligation to determine the date that the award was filed with the court and to file their notice of appeal within 20 days." *Id.* at 619.

In *Green Seasons Turf*, the trial court denied the defendants' motion for relief from a judgment entered on an arbitration award based on asserted excusable neglect under ORCP 71 B, and we affirmed. In that case, the arbitrator sent the arbitration award and a letter decision, along with a time statement and the defendants' exhibits, to counsel for the defendants, who received them on July 13. 125 Or App at 229-30. The lawyer asked the arbitrator for clarification of the award 25 days later, and the arbitrator again sent the arbitration award, which the defendants' lawyer received on August 18. *Id.* at 230. The award, however, had been filed with proof of service on all parties in July. *Id.* at 229-30. On August 19, a total of 37 days after the defendants' counsel had received notice of the adverse decision and arbitration award, the defendants filed a motion for relief from the judgment that had been entered on the award. *Id.* at 230.

On the defendants' appeal of the trial court's denial of their motion, they asserted that "the arbitrator failed to mail to their attorney a copy of the arbitration award until after the judgment was entered." *Id.* at 229. Following *Old Republic Surety Co.*, we rejected the argument that service was irregular. We observed that the arbitrator had filed the arbitration award with the court with proof of service

and that the defendants "knew of the award and could have inquired of the clerk regarding the filing date but, instead, waited for 37 days before they sought relief from the judgment." *Green Seasons Turf*, 125 Or App at 230. Thus, we concluded that the defendants had not established excusable neglect and that the trial court had not abused its discretion in denying relief from the judgment. *Id.*

In this case, the trial court noted that the arbitrator's certificate of service had caused OHI's counsel to be confused about the manner of service that the arbitrator had employed to serve the arbitration award and expressed its preference to allow parties' disputes to be addressed on the merits. The legal question before us boils down to whether that basis for enlarging the time for OHI to file its notice of appeal was within the range of permissible choices before the trial court. Though we have viewed ORCP 15 D as granting trial courts "broad authority" to extend time limits, *Ornduff v. Hobbs*, 273 Or App 169, 182, 359 P3d 331 (2015), and in *Old Republic Surety Co.* and *Green Seasons Turf,* we decided that the "excusable neglect" ground in ORCP 71 B had not been met, we conclude that OHI did not show "good cause" based on the same kind of failure exhibited by the parties in *Old Republic Surety Co.* and *Green Seasons Turf*: OHI's explanation falls well short of justifying why, despite knowing of the arbitration award, it did not track the filing of the award and timely file a notice of appeal.

The trial court appears to have credited the representation by OHI's counsel that he was waiting to receive a copy of the arbitration award by mail in light of the arbitrator's certificate of service stating that he was *mailing* the award to the parties. Even so, OHI's counsel had received the arbitration award and the decision letters from November and December by email as of December 13, and counsel knew that the arbitrator had represented that he was filing the arbitration award on December 13. In *Old Republic Surety Co.* and *Green Seasons Turf*, we rejected similar rationales offered by parties seeking to avoid the consequences of failing to confirm the date that an arbitration award was filed and to timely file a notice of appeal, even when, as in *Green Seasons Turf*, the party's lawyer had less notice of the award than OHI had in this case.

OHI had actual knowledge that the arbitrator had prepared an arbitration decision in plaintiff's favor, served it on the parties with a certificate of service, and stated that he would file the decision with the court on December 13. The inference that OHI would have us draw from the erroneous certificate of service is that its counsel had a good reason not to check the actual filing date of the arbitration award that triggered the running of the time to file a notice of appeal from the award pursuant to ORS 36.425. But the error in the certificate of service did not prevent OHI's counsel from checking the filing date of the arbitration award or suggest that the time period for filing the notice of appeal would begin running only after OHI had received a paper copy of the arbitration award in the mail. From all indications to OHI's counsel, the arbitrator was filing the arbitration award on December 13, regardless of whether the arbitrator had stated that he was serving a copy of that award on counsel by mail or email. OHI, through its lawyer, knew that the award was in plaintiff's favor, that the award was being filed, and that OHI had 20 days from filing to appeal, as provided on the face of the award. Those circumstances do not establish good cause for relief from the statutory deadline in ORS 36.425(2)(a) for filing a notice of appeal.

Because OHI failed to establish good cause for enlargement of the time to file its notice of appeal, the trial court abused its discretion by enlarging the time for OHI to file its notice of appeal on that basis, resulting in its erroneous denial of plaintiff's motion for entry of judgment of the award as provided by ORS 36.425(3) and UTCR 13.240 (providing that, if "no request for trial *de novo* is filed within the time established by ORS 36.425(3), a judgment shall be prepared based on the arbitration decision and award and submitted to the court to be entered"). We reverse the judgments in favor of OHI and remand for entry of judgment for plaintiff on the arbitration award.

Reversed and remanded.